ROGERS, J.
 

 This suit was brought by plaintiff against defendant, her husband, to obtain, for the causes alleged, a judgment of separation from bed and board. In her petition, she averred she was in necessitous circumstances, and in the prayer of the petition she asked for an order on the defendant to show cause why he should not be compelled to pay her alimony in the sum of $100 per month. The court below issued an order as
 
 *717
 
 prayed for. Defendant answered the petition and the prayer for alimony, pleading in bar of plaintiff’s right to a judgment on both the main and incidental demands a decree of divorce secured by him in the state of Georgia. ,
 

 The court below, after hearing testimony on the rule nisi, awarded plaintiff alimony in the sum of $S5 per month, and the defendant appealed.
 

 Defendant, in his answer, admitted plaintiff’s allegation that she was married to him in the city of New Orleans on June- 20, 1918. He contends, however, that said marriage was dissolved by the decree of divorce rendered on July 11, 1922, by the superior court of Richmond county, state of Georgia.
 

 The validity or effect of the divorce granted by the Georgia court cannot be determined upon the rule for alimony. It can only be decided upon the trial of the main action for a separation. Until it is decided, plaintiff is entitled to alimony. Cuny v. Cuny, 146 La. 711, 83 So. 906.
 

 The decision in Hart v. Judge, 104 La. 6, 28 So. 915, has no bearing upon the present issue. There the jurisdiction of the court was questioned, and this court properly held the question should be disposed of first, because, if the court was without jurisdiction of the main demand, it could not have jurisdiction of the rule for alimony, which is incidental to the main demand. No question of jurisdiction is involved in the case presently before us. Here it is admitted the marriage took place in New Orleans, and the domicile of the wife is in that city. Plaintiff alleges that the matrimonial domicile, to which defendant is called upon to return, is in New Orleans, and, without excepting to the jurisdiction of the court, defendant has joined issue on the merits.
 

 Defendant complains that the alimony allowed is excessive. He has an income of .$250 a month. The court below fixed the alimony at $85 a month, approximately one-third of the income of the husband. We are unable to say the award is unreasonable, in the absence of any showing on defendant’s part that it is so.
 

 Eor the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.