(115 So. 439)

No. 29009.

**DONNELS v. BOUILLION.**

**In re DONNELS.**

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

**1. Divorce ⬅219—Order for alimony pendente lite held to continue in force after judgment, pending suspensive appeal.**

Order for alimony pendente lite, in suit for separation from bed and board, *held* to continue in force after judgment on merits, pending husband's suspensive appeal, especially where judgment on merits recited that all rights of wife were reserved.

**2. Divorce ⬅269(11)—Refusal on contempt proceeding to hear evidence that husband could not pay alimony held error, notwithstanding husband's ability had been shown on trial of previous rule.**

Refusal on contempt proceeding to hear evidence of husband's inability to pay $100 alimony per month pendente lite because of sickness, in suit for separation from bed and board, *held* error, notwithstanding that on trial of a former rule it appeared that husband was worth from $10,000 to $20,000.

**3. Divorce ⬅269(9)—Inability to pay alimony, though not existing when order to pay was made, was defense in contempt proceeding, notwithstanding statute (Act No. 189 of 1898, § 1).**

Although at the time husband was ordered to pay alimony pendente lite he was able to make payment ordered, it was defense in contempt proceeding that he was unable to pay, notwithstanding Act No. 189 of 1898, § 1, providing that failure to obey an order for the payment of money shall not be a contempt if failure is due to inability to comply with order, which inability existed when order was made.

**4. Contempt ⬅24—Statute that inability to pay money existing when order to pay was made is defense to contempt proceeding does not deny defense of subsequent inability (Act No. 189 of 1898, § 1).**

Act No. 189 of 1898, § 1, providing that failure to obey order to pay money shall not be construed as a contempt if failure was due to inability to obey, which inability existed when the order was made, does not deny defense in contempt proceeding that circumstances arising subsequent to the order rendered defendant unable to pay.

**5. Judgment ⬅585(5)—Judgment or decree is usually final adjudication as to defenses existing before it was rendered, but not as to defenses arising subsequently.**

A judgment or decree of court having jurisdiction is final adjudication as to defenses existing before judgment or decree was rendered but not as to circumstances which might be urged as defense which occurred subsequent to judgment or decree.

Suit for separation from bed and board by William L. Donnels against Consuella Bouil-

lion, his wife, wherein Consuella Bouillion reconvened. Plaintiff was ordered to pay alimony pendente lite. From a judgment for defendant and plaintiff in reconvention, plaintiff brought a suspensive appeal. Pending this appeal, plaintiff was adjudged guilty of contempt for not paying alimony pendente lite, and he applies for writs of certiorari and prohibition. Judgment set aside, and case remanded.

E. M. Stafford and Daniel Wendling, both of New Orleans, for relator.

Richard A. Dowling, of New Orleans, for respondent.

OVERTON, J. Plaintiff, William L. Donnels, sued his wife, Consuella Bouillion, for a separation from bed and board. The wife filed an answer, in which she reconvened for a judgment for separation from bed and board, and in which she asked for alimony pendente lite, and also for alimony after judgment. The lower court fixed the alimony pendente lite at $100 a month, and ordered the husband to pay it. After the case was heard on its merits, judgment was rendered dismissing the husband's demand, but allowing the wife's demand, as plaintiff in reconvention, for a separation from her husband, and giving her the custody of the minor children, the issue of the marriage. Nothing is said expressly in the judgment concerning alimony, but the judgment decrees "that all rights of plaintiff in reconvention (referring to the wife) be reserved."

The case is now on suspensive appeal to this court, taken by the husband. Pending the appeal, the wife ruled the husband into court to show cause why he should not be punished for contempt of court for his failure or refusal to pay the alimony of $100 a month pendente lite, fixed by order of court prior to the trial on the merits.

The defense to this rule, judging from the record as it is made up, seems to have been that, since the judgment rendered on the mer-its was silent as to alimony, and since the order fixing alimony pendente lite ceased to be effective when the judgment rendered on the merits was signed, no alimony was due, except from the date of the order fixing the alimony pendente lite up to the signature of the judgment rendered on the merits, and that the alimony for that period was paid; and moreover, if additional alimony were due, that, by reason of sickness, sufficient to place the husband under a doctor's care, he was not earning anything, and was not able to pay alimony.

Judgment was rendered on the rule for contempt, adjudging the husband guilty, and pronouncing sentence. The husband complains of the judgment, alleging that the trial judge erred in ruling that the order for alimony, pendente lite, continued in force after the signing of the judgment rendered on the merits; that the judge erred in refusing to permit him to show by his wife on cross-examination that he had paid all alimony that had accrued between the signing of the order for alimony pendente lite and the signing of the judgment; that the judge also erred in refusing to permit him to show the same fact by himself, and to show in addition that he was sick, under a doctor's care, and unable to pay any alimony that might be due in addition to that which he contended he had paid, and he asks us to exercise our supervisory jurisdiction by setting aside the judgment for contempt.

[1] In our opinion the order for alimony pendente lite did not cease to continue in force after the signing of the judgment on the merits. The purpose of that alimony is to provide for the sustenance of the wife pending the litigation. No appeal has been taken from the order granting it. The suspensive appeal from the judgment on the merits was taken promptly after that judgment was signed. The litigation therefore continued to pend after the judgment on the merits was

signed, and for that matter is still pending, though pending on appeal. There is nothing in the judgment, rendered on the merits, setting aside the order granting that alimony, nor has the order been vacated or even modified by any other decree. To the contrary, the judgment on the merits preserves the order, for it reserves all the rights of the wife, which includes alimony as fixed by the order pending the litigation.

[2, 3] We are not prepared to say that the judge denied the husband the right to establish either by his wife or by himself that he had paid the alimony due up to the date that the judgment on the merits was signed. However, he expressly refused to hear any defense, except the payment of alimony. When the trial judge announced his refusal, counsel for the husband arose to state what he desired to prove by his client, but before he had finished, and, in fact, before he had uttered scarcely more than twelve or fifteen words, the judge, anticipating the statement, interrupted him by saying that what he desired to prove was in the record already, and thereby prevented counsel from showing that his client, due to sickness, was unable to pay alimony due, after the judgment on the merits was rendered. In explanation of this, the trial judge, in his return to the rule that issued herein, says that, on the trial of a former rule, which we assume was the one to show cause why alimony pendente lite should not be paid, it appeared that the husband was worth some $10,000 to $20,000, and hence, as we appreciate it, evidence showing his ability to pay was already in the record, and moreover that defendant was obstinate in the payment of alimony.

We think that the judge should not have refused to hear any other defense than that of payment. The husband should have been given an opportunity to prove, if he could, his inability to pay. It is true that his alleged inability to pay relates only to a period subsequent to the rendition of the judgment for alimony, and that Act 189 of 1898, p. 435, § 1, reads as follows:

"That failure to obey an order or judgment of court, when such order or judgment is in effect an order or judgment for the payment of money, shall not be construed as a contempt, if it appears that the failure to obey is due to inability to comply with the order or judgment which inability existed when the order or judgment was rendered."

[4, 5] While this act seems to imply at first blush that inability to pay shall not be a defense unless it existed at the time the order or judgment was rendered, yet so many cases may arise where the party ordered to pay, especially where the order calls for payment at stated periods, becomes, without design on his part, wholly unable to pay, that it is difficult to conclude that the Legislature intended to deny to any one so situated the benefit of the defense of inability. In our view, the Legislature did not intend by the act of 1898 to deny, in such instances, the defense of inability to pay. The Legislature deemed the act necessary only for the purpose of allowing the defense of inability where the inability existed when the order or judgment was rendered. It was not necessary to enact a statute to allow as a defense in a contempt proceeding, for failure to pay alimony, proof that inability to pay had arisen subsequent to the order or judgment condemning the defendant to pay alimony. As a general rule, a judgment or decree of a court having jurisdiction over the case is a final adjudication on all matters of defense that existed before or when the judgment was rendered, but not as to subsequent occurrences which may be urged in defense of the enforcement or execution of the judgment or decree. The statute of 1898 was enacted to make an exception to that rule, in prosecutions for contempt for failure to pay alimony, and to allow the defendant to prove his inability to pay, even though the inability existed when the order

or judgment was rendered, condemning him to pay the alimony.

For these reasons, the rule that issued herein is made absolute, the judgment rendered is set aside, and this case is remanded to be proceeded with according to the views herein expressed.