141 So. 447

**STARNS v. STARNS.**

No. 31703.

March 30, 1932.

Rehearing Denied April 25, 1932.

W. B. Kemp and Carroll Buck, both of Amite, for relator.

Rownd & Warner, of Hammond, for respondent.

ROGERS, **J.**

Plaintiff sued her husband for a separation from bed and board, and, pending the proceeding, asked for alimony of $150 a month. Later, by judgment of the district court, the alimony was fixed at $75 a month, and was paid on that basis for about a year. Defendant then ruled plaintiff into court to show cause why the alimony should not be discontinued. After a trial on the rule, the court ordered defendant to continue payment of the monthly alimony of $75. Previously, however, the suit for separation from bed and board was tried on the merits and decided in plaintiff's favor. In this judgment the court fixed what it styles "permanent alimony" at $100 a month. A motion for a new trial was filed and overruled. On the same day a rule for contempt against defendant for failure to pay the alimony fixed by order of court prior to the trial on the merits was heard and made absolute. This alimony was reduced to $50 a month, and defendant was ordered to pay the arreages or be committed to jail. On the same day, defendant was granted a suspensive appeal from the judgment decreeing a separation from bed and board and fixing the so-called alimony.

Defendant subsequently paid alimony for four months at the rate of $50 a month; then stopped paying entirely. Plaintiff ruled

defendant into court to show cause why he should not be held in contempt for failure to pay the monthly alimony of $50 as fixed by the court on the day defendant's motion for a new trial was denied. The rule was heard contradictorily, and judgment was rendered ordering defendant to pay the alleged arrearages of alimony amounting to $150, being for the months of December, 1931, and January and February, 1932, under penalty of imprisonment for his default in so doing. Defendant then applied to this court for writs of certiorari and prohibition.

Relator perfected his suspensive appeal from the judgment on the merits awarding his wife a judgment of separation and alimony of $100 a month by giving bond and lodging the transcript in this court.

Relator's position is that, pending his suspensive appeal, the court below is without jurisdiction to inquire into the matter of alimony, and that, as a consequence, its judgment holding him in contempt is unauthorized and without legal effect.

Respondents' position is that no appeal was taken from the original judgment fixing the alimony pendente lite at $75 a month, reduced on relator's application to $50 a month; that this judgment was a consent judgment in which relator acquiesced by making the monthly payments called for thereunder to and including three months after his appeal was applied for and granted.

The parties litigant are not yet divorced, and both judgments for alimony were rendered under the authority of article 148 of the Civil Code and not of article 160 of the Civil Code.

The codal articles are different in terms. By the first, alimony is recoverable during the pendency of the suit for a separation from bed and board. By the second, alimony may be awarded in the discretion of the judge after a judgment of divorce, and is revocable when it becomes unnecessary or when the wife contracts a second marriage. State v. Judge, 114 La. 44, 38 So. 14.

Although the alimony awarded defendant in the judgment on the merits of the original suit for separation is denominated permanent alimony, it is, in effect, nothing more than alimony pendente lite.

■ A judgment of separation from bed and board is more in the nature of a provisional than a final proceeding. The matrimonial relation still exists. Even if the judgment be affirmed on appeal, it may fall by the reconciliation of the parties. If no reconciliation takes place, it may still serve as the basis for a divorce at the end of one or two years, depending on which of the spouses institutes the proceeding.

■ Two judgments for alimony pendente lite were rendered in plaintiff's favor, one on the preliminary rule, fixing the monthly alimony at $50, and the other on the original petition, fixing the monthly alimony at $100. But, obviously, because plaintiff is entitled to one judgment for alimony pending the suit, she is not entitled to two judgments of alimony for the same purpose. Both judgments cannot stand. The second judgment, having been rendered later in point of time, must prevail, and must be considered as having vacated or superseded the first judgment. It is the second judgment which has been suspended by relator's appeal.

The respondent wife relies on the case of Donnels v. Bouillion, 165 La. 145, 115 So. 439, as being decisive of the issue herein involved. But that case is not appropriate. There the alimony fixed prior to the trial of the case was not vacated or modified by the judgment of separation, which, on the contrary, reserved all the rights of the wife, including, necessarily, the alimony as fixed prior to the judgment.

If, as alleged by respondents, the first judgment fixing the alimony at $50 a month was a consent judgment, it has been vacated or superseded by the second judgment fixing the alimony at $100 a month, and the payment by relator of alimony under the first judgment cannot be construed as an acquiescence on his part in the second judgment.

The judge of the court below was without authority to hold relator in contempt for the alleged violation of an order which had been superseded by a subsequent judgment. And he was divested of jurisdiction of the subject-matter of the second judgment by relator's suspensive appeal therefrom.

For the reasons assigned, it is hereby ordered that the judgment of the respondent judge under review herein, ordering relator to pay alimony or be confined to jail, be annulled, and that relator be discharged from all liability thereunder.

ST. PAUL, J., dissents.

O'NIELL, C. J., dissents on the ground that a judgment ordering the payment of alimony pendente lite remains in force, pending an appeal from the judgment of separation or divorce.