VIOSCA, Justice.
Plaintiff filed suit against her husband for separation from bed and board. In this suit she asked for custody pendente lite of the two minor children of the marriage and alimony pendente lite for the support of herself and the two children. She prayed that the orders for custody and alimony be made permanent in due course.
On a rule for temporary custody of the children and alimony pendente lite the court on September 9, 1958 awarded the custody of the children to the wife and fixed the amount of alimony at $175 per month for the support and maintenance of the wife and the two minor children. Subsequently the wife filed a rule to increase the alimony pendente lite and on April 10, 1959 the court increased the amount of alimony to $200 per month. No appeal was taken from this judgment.
Thereafter in due course the case was tried on its merits and on July 6, 1959 the district court rendered a judgment decreeing a separation from bed and board in favor of the wife, and awarding to her the custody of the children. In this judgment the court also ordered that defendant “Clarence Schneider be condemned to pay to Mrs. Audrey Lavigne Schneider, alimony for the support of the said minor *499 children in the full sum of $200.00 per month; reserving unto the said plaintiff all of her rights to claim alimony in the future should she be in necessitous circumstances, in this proceeding.” This judgment was signed on July 10, 1959 and on July 17, 1959 the defendant took a suspensive appeal therefrom to this Court.[1] The appeal bond was fixed at $5,000 to insure the payment of the alimony in the event of affirmance of the judgment.
On October 30, 1959 plaintiff filed against defendant a “rule to show cause for contempt and to assess past due alimony” in which she alleged that defendant was in arrears in the payment of alimony in the sum of $88.50 under the terms of the judgment signed on July 10, 1959 or, in the alternative, under the order of April 10, 1959, which plaintiff contends alternatively continued in effect after the suspensive appeal was taken from the judgment on the merits. There was no delinquency in the payment of alimony as of July 10, 1959.
Defendant filed an exception to the jurisdiction of the district court insofar as plaintiff seeks to execute the judgment of July 10, 1959 from which the suspensive appeal was taken and an exception of no right or cause of action insofar as plaintiff seeks to execute the judgment of April 10, 1959 which defendant contends was no longer operative after July 10, 1959.
The district judge overruled the exceptions and rendered judgment in favor of plaintiff and against defendant in the sum of $88.50 for past due and unpaid alimony but dismissed the rule for contempt for the reason that defendant was in good faith and acted on the advice of counsel.
On application by defendant we granted a writ of certiorari under our supervisory jurisdiction to review the judgment of the trial court.
A suspensive appeal lies from a judgment awarding alimony pendente lite as well as from a judgment awarding permanent alimony. Lodatto v. Lodatto, 238 La. 305, 115 So.2d 359 and authorities therein cited. A suspensive appeal stays execution and all further proceedings until definitive judgment is rendered on appeal. Article 575 of the Code of Practice.
During the pendency of the appeal in this case the district court was without jurisdiction to order execution of the judgment of July 10, 1959, as a suspensive appeal terminates the authority of the court below to take any action which amounts to an execution or enforcement of the judgment.
The district court was likewise without authority to enforce the order of April 10, 1959 for the nonpayment of alimony which accrued after July 10, 1959 as that order terminated when the district court rendered judgment on the merits and made a new award for alimony in an order which conflicted with the previous order of April 10, 1959. That precise point was decided by us in the case of Starns v. Starns, 174 La. 743, 141 So. 447, 448. There the district court had granted alimony pendente lite in the sum of $50 per month. After trial on the merits the court in the decree which granted a separation from bed and board awarded the wife alimony in the sum of $100 per month. A suspensive appeal was taken from the judgment granting a separation and awarding alimony in the sum of $100 per month but no appeal was taken from the prior judgment awarding alimony pendente lite in the sum of $50 per month. When an effort was made to hold defendant in contempt for failure to pay alimony at the rate of $50 per month under the previous order during the pendency of the suspensive appeal from the final judgment awarding alimony at the rate of $100 per month, we annulled the judgment of the district court ordering the husband to pay the alimony or be confined in jail. In that case we said:
“Two judgments for alimony pen-dente lite were rendered in plaintiff’s ' *500 favor, one on the preliminary rule, fixing the monthly alimony at $50, and the other on the original petition, fixing the monthly alimony at $100. But, obviously, because plaintiff is entitled to one judgment for alimony pending the suit, she is not entitled to two judgments of alimony for the same purpose. Both judgments cannot stand. The second judgment, having been rendered later in point of time, must prevail, and must be considered as having vacated or superseded the first judgment. It is the second judgment which has been suspended by relator’s appeal.

“The judge of the court below was without authority to hold relator in contempt for the alleged violation of an order which had been superseded by a subsequent judgment. And he was divested of jurisdiction of the subject-matter of the second judgment by relator’s suspensive appeal therefrom. gfi # ‡. »
Plaintiff wife relies on the case of Don-nels v. Bouillion, 165 La. 145, 115 So. 439, 440. That case however is distinguished in the Starns case. In the Donnels case the judgment of separation was entirely silent on the matter of alimony. We pointed out:
“ * *> * There is nothing in the judgment, rendered on the merits, setting aside the order granting that alimony, nor has the order been vacated or even modified by any other decree. To the contrary, the judgment on the merits preserves the order, for its reserves all the rights of the wife, which includes alimony as fixed by the order pending the litigation.”
In the instant case the order of April 10, 1959 was vacated by the later order of July 10, 1959. The right of the wife to alimony under the prior order was not reserved as in the Donnels case. The judgment herein which awarded $200 for the support of the children alone merely reserved to the wife ■“all of her rights to claim alimony in the future should she be in necessitous circumstances”. (Italics ours.) The exception of no cause of action accordingly is well founded insofar as the rule seeks to enforce an order no longer in existence.
For the reasons assigned it is ordered that the judgment of the district court be reversed that the exceptions to the jurisdiction and of no cause of action be maintained ; and that the rule to assess past due alimony be dismissed. Plaintiff, Mrs. Audrey Lavigne Schneider, to pay all costs.
HAWTHORNE and HAMLIN, JJ., dissent.

. This appeal is pending in this Court under Docket No. 45,038.