CHASEZ, Judge.
The principal question presented on this appeal from the Civil District Court for the Parish of Orleans is whether alimony pendente lite can be awarded in a wife’s suit for separation from bed and board when the record contains an exemplified copy of the husband’s Nevada divorce rendered in proceedings instituted by him on grounds of fault on the wife’s part, in which attorneys purporting to represent the wife entered her general appearance, and there is no other evidence in the record to controvert the authority of those attorneys nor (except for the husband’s testimony that he again lives and has constantly maintained his business in Louisiana) to question the jurisdiction of the Nevada court.
In the absence of evidence to support the attack made in argument on the Nevada proceedings, we are obliged to give them full faith and credit, U. S. Constitution Art. IV, Sec. 1, and the same effect Nevada would, 28 U.S.C. § 1738; see also LSA-C.C.P. Art. 1395. Prima facie, therefore, plaintiff is not, for purposes of obtaining a separation or divorce, defendant’s wife. Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957), would allow and might even require Louisiana to disregard an ex parte foreign divorce, insofar as the wife’s in personam claim for alimony is concerned; but the' Nevada proceedings in this record indicate they were not ex parte. The wife was represented by counsel and the decree found jurisdiction over the parties. We are obliged to treat this case, at this preliminary stage of the matter, as one in which the wife participated through counsel in Nevada divorce proceedings and in which the Nevada court therefore had personal jurisdiction over her. On the present incomplete state of this record there is no way for us to find, in fact or in fiction, that she remains a wife for pendente lite alimony purposes.
The wife may be able to show, on remand of her alimony rule, that the attorneys who claimed to act for her in Nevada had no authorization from her whatsoever, in which case the proceedings in Nevada would be fatally defective for lack of pro *286 cedural due process under federal law and, presumably, for fraud upon the Nevada court under Nevada law.
 Or she may be able to show that their authorization was limited to waiving service of process upon her, in which case she would clearly retain the right to question the husband’s domicile and the Nevada court’s jurisdiction; see Eaton v. Eaton, 227 La. 992, 81 So.2d 371 (1955), cert. den. 350 U.S. 873, 76 S.Ct. 116, 100 L.Ed. 772. Moreover, if the wife had done no more than waive service of process, then, although the Nevada court had jurisdiction and its decree of divorce effectively changed the marital status of the parties, the wife’s alimony rights may still survive the divorce under the “divisible divorce” doctrine of Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948), expanded in the Vanderbilt case. See also Armstrong v. Armstrong, 350 U.S. 568, 76 S.Ct. 629, 100 L.Ed. 705 (1956), in which alimony rights of the wife were afforded complete protection in a divorce proceeding in which the Ohio court determined the husband was at fault and the wife entitled to the divorce but for the foreign divorce decree, the effect of which was to defeat further separation or divorce but not to defeat the wife’s alimony rights. For a thorough and current discussion of this area see “Divisible Divorce”, 76 Harvard Law Review 1233 (1963).
Plaintiff has insisted we are governed by Brown v. Brown, 161 La. 716, 109 So. 398 (1926), holding that the effect of a foreign divorce decree cannot be determined on the rule for alimony but must await trial of the main demand. The Brown decision was at the time reconcilable with constitutional requirements as interpreted by Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867 (1906), in which a foreign decree was excluded from evidence on the wife’s suit for separate maintenance in the state of the matrimonial domicile. But Haddock was expressly overruled in the first Williams v. North Carolina decision, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942), and since that case Brown can no longer be considered authoritative.
Defendant filed exceptions to the rule for alimony pendente lite and for a preliminary injunction against disposition of community property. The Nevada decree also found the allegation of no community property proven. The exceptions, of no cause of action, no right of action and res judicata, were properly overruled. The Nevada decree at best constitutes disproof of material allegations of the wife’s petition for rule. Her allegations, taken as true, do state a cause of action and, if it survives the Nevada proceedings, she alone has the real an actual interest to assert it; and res judicata does not defeat her action on preliminary motion because the cause of action for alimony pendente lite is not the same cause of action asserted in Nevada, LSA-C.C. Art. 2286.
Because we must reverse the award of alimony and remand for further proceedings, we do not reach the wife’s answer to the appeal asking for an increase in amount.
Accordingly, the judgment appealed from is affirmed insofar as it overruled the exceptions to the rule for alimony and it is reversed insofar as it awarded pendente lite alimony to the wife, and remanded for further proceedings to enable the wife on further trial of her rule to introduce evidence on the validity of the Nevada proceedings. Insofar as the appeal also relates to the preliminary injunction, the motion to dismiss for failure to appeal within fifteen days must be granted; LSA-C.C.P. art. 3612. Costs will await the final outcome of the present proceedings.
Affirmed in part; reversed and remanded in part; appeal dismissed in part.