165 So.2d 5

**Mary Jane WALKER**

v.

**Charles C. WALKER.**

No. 47034.

June 8, 1964.

Pugh & Boudreaux, Nicholls Pugh, Jr., Lafayette, for defendant-applicant.

Simon & Trice, Lafayette, for respondent.

HAMITER, Justice.

Certiorari was granted herein on the application of the defendant husband (Charles C. Walker) to permit a review of that part of the judgment of the Court of Appeal which remanded the cause to the district court for a determination of a contempt ci-

tation, as well as of a petiton for an executory judgment, urged on behalf of the plaintiff wife (Mary Jane Walker) and based on allegations that the husband had failed to pay alimony for her support in accordance with a district court order previously signed following a hearing of a rule to show cause (245 La. 582, 159 So.2d 289). The issues involved arose under the following circumstances, the procedural aspects of which arc somewhat involved.

The Walkers were married in the City of Lafayette in December, 1947. Some years later they went to Shreveport, and there established a matrimonial domicile where they resided until January, 1961. In that month the wife returned to Lafayette, and the husband moved to Texarkana, Arkansas.

Early in June, 1961 the husband filed suit for a divorce in the Chancery Court of Miller County, Arkansas. Although the wife was never personally cited in that proceeding, and made no personal appearance therein, she received notice of the suit from the attorney appointed to represent her and who excepted to the jurisdiction of the court because of Walker's alleged lack of a residence in such state. On August 3, 1961 the mentioned Chancery Court, after a hearing, rendered a judgment decreeing Walker to be a bona fide resident of Arkansas and granting to him a divorce.

Meanwhile, the wife, on June 21, 1961 and after her notification of the commence-

ment of the husband's suit in Arkansas, instituted the instant action in which she demanded a separation from bed and board, custody of the three minor children of the marriage, alimony for the support of herself and of such minors, and an injunction to prevent the husband from disposing of the community property. An order to show cause why the ancillary relief sought should not be granted, pending trial of the merits of the separation demand, was issued; but it was returned with the notation that the defendant could not be located and that he was "somewhere in Arkansas". Whereupon, on the petition of plaintiff, an attorney was appointed to represent him in this proceeding.

A new rule to show cause was thereafter obtained and served on the appointed attorney; and on September 14, 1961 the defendant, through a lawyer of his own choice, made a voluntary appearance to it, he pleading the Arkansas divorce in bar thereof. The district judge, after a hearing on the rule, held that at that stage of the proceeding the defendant could not raise the issue of a prior divorce. Accordingly, on October 13, 1961, he signed an order awarding the children's custody to plaintiff. Further, the order condemned the defendant to pay alimony for the support and maintenance of the plaintiff and of the children at the rate of $200 per month and to pay also certain medical and dental expenses of such minors. From this order no

appeal was taken, and the defendant proceeded to pay the alimony awarded.

The merits of the separation action came on for hearing in December, 1961, at which time the defendant introduced into evidence his Arkansas divorce judgment. The introduction was opposed by plaintiff on the ground that the judgment was invalid because of the alleged lack of the defendant's residence in such state. But the judge ruled that the defendant had acquired a bona fide residence in Arkansas and that the rendered divorce was valid. Consequently, on September 18, 1962 he issued a decree dismissing the plaintiff's demand for a separation. Further, he directed that the defendant continue paying only $100 per month for the support and maintenance of the children and also the medical and dental bills for them (thus, the $100 per month for the plaintiff's support, previously ordered at the hearing of the rule, was then disallowed). The defendant did not appeal from this judgment; rather he has since complied with it. The plaintiff moved for a new trial.

While the motion for a new trial was pending, the plaintiff caused a contempt citation to be issued to the defendant for failure to pay alimony for her support (from and after September 18, 1962), this in accordance with the October 13, 1961 order rendered on a hearing of the rule, and she also petitioned for an executory judgment covering such alleged past due alimony. Both of these pleadings were served only on defendant's attorney of record, and to them there were filed exceptions to the jurisdiction rationae personae which urged that personal service was necessary to vest the court with jurisdiction of the defendant.

Ultimately, the district judge maintained the exceptions of the defendant, dismissed the contempt proceeding and the petition for executory judgment, and overruled the motion for a new trial. Thereupon, plaintiff appealed from the judgment on the merits (including the mentioned dismissal rulings) to the Court of Appeal of the Third Circuit.

The latter court approved the district judge's holding that the defendant's residence in Arkansas was bona fide and his divorce valid and, hence, it affirmed the judgment dismissing plaintiff's action for a separation. It further held that since such divorce of August 3, 1961 had terminated the marriage, her demand for an injunction fell with the dismissal of the main portion of the suit. Plaintiff did not apply for a rehearing nor for a writ to this court; and, consequently, the validity of the Arkansas divorce and the dismissal of the injunction demand are no longer at issue.

However, the Court of Appeal also ruled that plaintiff's motion for a new trial and her appeal from the judgment on the merits had suspended the effect of that part of the district court's decree which had termi-

nated the alimony award for her support set forth in the order on the rule to show cause, and that it was therefore incumbent on the defendant to continue to comply with such order until a final determination of the merits on the appeal. The court further held that service on the defendant's attorney of record was proper. Whereupon, as aforeshown, it remanded the case for a hearing on the contempt citation and on the petition for an executory judgment. See 157 So.2d 476. As noted above, we issued certiorari at the instance of the defendant.

█ The plaintiff argues here that her appeal suspended the operation of the judgment on the merits insofar as it terminated the alimony for her support; that it continued in effect the order on the rule requiring the defendant to make the payments; and that, therefore, he was in contempt for having ceased paying in September, 1962 when such judgment was rendered. But this court, in cases where the identical issue was presented, has heretofore twice ruled to the contrary.

In Schneider v. Schneider, 240 La. 93, 121 So.2d 498, the plaintiff wife in her suit for separation was awarded on April 10, 1959, after a hearing of a rule, alimony for herself and her children. The husband did not appeal from the order; he proceeded to comply with it. On July 10, 1959, following a trial of the merits, the court granted a separation, continued the award for the minors, but it denied alimony for plaintiff's support. The husband, on posting a bond to secure eventual payment of the award to the children in the event it was affirmed, obtained a suspensive appeal from the entire judgment and ceased the payment of alimony. The wife then took the same procedural steps as did the plaintiff in the instant case: she filed a rule for contempt and a petition to assess past due alimony. She argued that the appeal suspended the operation of the judgment on the merits insofar as it terminated the payment of alimony due her under the order issued on the rule. The court rejected this contention and said: "The district court was likewise without authority to enforce the order of April 10, 1959 for the nonpayment of alimony which accrued after July 10, 1959 as that order terminated when the district court rendered judgment on the merits and made a new award for alimony in an order which conflicted with the previous order of April 10, 1959. That precise point was decided by us in the case of Starns v. Starns, 174 La. 743, 141 So. 447, 448. There the district court had granted alimony pendente lite in the sum of $50 per month. After trial on the merits the court in the decree which granted a separation from bed and board awarded the wife alimony in the sum of $100 per month. A suspensive appeal was taken from the judgment granting a separation and awarding alimony in the sum of $100 per month but no appeal was taken

from the prior judgment awarding alimony pendente lite in the sum of $50 per month. When an effort was made to hold defendant in contempt for failure to pay alimony at the rate of $50 per month under the previous order during the pendency of the suspensive appeal from the final judgment awarding alimony at the rate of $100 per month, we annulled the judgment of the district court ordering the husband to pay the alimony or be confined in jail. In that case we said:

" 'Two judgments for alimony pendente lite were rendered in plaintiff's favor, one on the preliminary rule, fixing the monthly alimony at $50, and the other on the original petition, fixing the monthly alimony at $100. But, obviously, because plaintiff is entitled to one judgment for alimony pending the suit, she is not entitled to two judgments of alimony for the same purpose. Both judgments cannot stand. The second judgment, having been rendered later in point of time, must prevail, and must be considered as having vacated or superseded the first judgment. * * *

" 'The judge of the court below was without authority to hold relator in contempt for the alleged violation of an order which had been superseded by a subsequent judgment. * * *' "

■■ On determining that the Arkansas divorce obtained by this defendant was valid the district judge (after a hearing on the merits of the separation suit) properly dismissed the suit of plaintiff and denied alimony for her support. Moreover, the order on the rule was superseded by, or merged in, the subsequent judgment on the merits, it being the one from which the plaintiff appealed.

But since such judgment contained no award for plaintiff's support, there was nothing in it relative to the alimony in question to suspend, assuming that a suspensive appeal was properly obtained and perfected. Accordingly, we conclude that the defendant cannot be held in contempt for discontinuing payment of alimony for the maintenance of plaintiff from and after the September, 1962 decree which vacated the prior order of October, 1961 that was signed after a hearing of the rule. Similarly, the plaintiff is not entitled to an executory judgment for any alimony for herself following the September, 1962 judgment.

The plaintiff urges that the case of Brown v. Brown, 161 La. 716, 109 So. 398, is decisive of the issue raised here. Conceding arguendo the correctness of the decision in that case we do not find that it is applicable. The holding therein is simply that a prior divorce cannot be urged, in bar of alimony to an alleged wife, on a rule to show cause. In the instant matter the trial judge cited the Brown case in support of his ruling which denied to the defendant the right to introduce on a hearing of the alimony rule evidence as to his Arkansas di-

vorce. It was not until a trial on the merits of the separation suit that the court considered such divorce and sustained its validity.

For the reasons assigned the judgment of the Court of Appeal is reversed and set aside insofar as it remanded the cause to the district court for further proceedings in connection with the rule for contempt and the petition for executory judgment, and said rule and petition are now dismissed. Otherwise, such judgment is affirmed. Plaintiff shall pay all costs of this proceeding.

SANDERS, J., concurs in the result.