192 So.2d 862 (1966)
Mrs. Vivian BIRI
v.
Paul L. BIRI.
No. 2381.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 1966.
*863 Charles E. McHale, Jr., New Orleans, for appellee.
Stringer & Manning, James O. Manning, New Orleans, for appellant.
Before REGAN, YARRUT, and CHASEZ, JJ.
YARRUT, Judge.
This is an appeal by the husband from a judgment rendered in favor of his wife recognizing and making executory in Louisiana a judgment of divorce she obtained in the 120th Judicial District Court, County of El Paso, Texas. However, the Judge refused to make executory that part of the Texas judgment which awarded child support to the wife except for the period beginning December 15, 1965, and only with respect to the children under eighteen years of age in custody of the wife. Further, the Judge denied to make executory that part of the Texas judgment which awarded accrued child support, and accrued past due payments in settlement of the community of acquests and gains. However, Plaintiff-Appellee did not answer Defendant-Appellant's appeal for a change in the judgment.
This is a suit by the wife against her former husband to have a judgment of divorce rendered in her favor by the District Court of El Paso, Texas, on November 26, 1963, given full faith and credit, and made executory, in Louisiana. The Texas Court also granted her custody of their five minor children, awarded her attorney's fees, and ordered the partition of their community of acquets and gains.
The Texas proceeding was instituted by the husband for a divorce in January, 1963, in which the wife filed a cross-complaint for the same relief against her husband. Both were represented by counsel and, after a trial, judgment of divorce was awarded to the wife on her cross-complaint.
In August, 1963, after the filing of his suit in Texas, and prior to the rendition of judgment in November of 1963 in favor of the wife, the husband left Texas to attend L.S.U. in Baton Rouge. He was given adequate notice and opportunity to be present at the trial, but failed to appear; and judgment was regularly entered against him. He appealed from that judgment, but later abandoned it.
At no stage of the proceeding in Texas did he ever contend he was a resident of Louisiana. To the contrary, a certified copy of his original petition in the Texas Court, filed on January 18, 1963, reads as follows:
"1. That Plaintiff is now and has been for more than twelve months next preceding the filing of this petition, an actual bona fide inhabitant of the State of Texas, and has resided in El Paso County, where this suit is filed, for more than six months next preceding the filing of this suit; that Defendant is also a resident of El Paso County, Texas, and that service of citation may be had upon her at Bassett National Bank, El Paso, Texas, where she works, or at 4503 Bliss Street, El Paso, Texas, where she resides."
In her cross-complaint the wife admitted she and her husband were residents of the state of Texas. Her cross-complaint was personally served on the husband May 22, 1963.
The final judgment of the Texas Court reads:
"* * * due notice of such setting given to the attorney for Paul L. Biri, and the attorney for Paul L. Biri, who is hereinafter referred to as Cross-Defendant, filed herein a Motion for Continuance and a hearing was held on such Motion on November 14, 1963, and the said Motion was denied but the hearing of this *864 cause on its merits was postponed by the Court until 9:00 A.M. on November 21, 1963, at which time appeared Vivian W. Biri, Defendant and Cross-Plaintiff herein, hereinafter referred to as Cross-Plaintiff, in person and by her attorney and Cross-Defendant, Paul L. Biri, by and through his attorney, and his attorney announced to the Court that he had been unable to contact the said Paul L. Biri, and asked the Court for an additional twenty-four hours, but at that time the Court announced that it would hear the evidence;"
Both parties lived continuously in Texas for more than nine years prior to the filing of the suit by the husband. He was in the Air Force during this entire period and lived in El Paso, Texas. At no time during their marriage did they ever live together in Louisiana, other than short visits they made to see his relatives. The wife denied her husband was a resident of Louisiana, although she did admit that, on rare occasions, he voted absentee. He admitted his five minor children lived with him and his wife in Texas during this entire period, and that his children of school age attended a Catholic Parochial School in El Paso.
The major attack made on the Texas judgment is the question of domicile, to-wit: The husband contends he never was domiciled in texas, but was only temporarily residing there in the military service of the United States. On cross-examination he admitted that, in October of 1963, two months after he had left Texas, he filed a suit for divorce in the Chancery Court of Pike County, Mississippi, entitled "Paul L. Biri v. Vivian W. Biri." In that suit he alleged he was a citizen of Mississippi at the time. During the trial below, when counsel asked him whether he was, in fact, a citizen of Mississippi, he denied that he was a citizen of Mississippi, and gave his expanation for his filing the suit there, viz:
"He jumped the gun on me and filed all this thing to try to get some quick fast money, but we dropped it."
The "He" referred to was his attorney who filed the Mississippi suit.
The husband also resists this suit on the ground the Texas Court had no right to allow his wife a portion of his pension rights resulting from his retirement from the Air Force. The Texas Court found he had been in the service a period of twenty-two years, and that he had been married to his wife seventeen years. His retirement pension was $470.25 per month. The Court decreed that 17/22's of this monthly pension was a community asset, and that one-half ($181.50 per month) had to be paid to her in settlement of this community asset. He now contends the Texas Court had no authority to make such an allowance.
An examination of the certified documents from the Texas Court of the complaint, cross-complaint, return of service and citation; the fact that both parties were represented by counsel, the joinder of issue, the notice for trial, the final judgment of the Court, the notice of appeal taken by the husband, which appeal he abandoned; all reveal that the proceedings in the District Court in El Paso, Texas, were conducted the same as they would have been had the proceedings originated in Louisiana. The only issue that any court of Louisiana can concern itself with in a suit for recognition and the giving of full faith and credit to a foreign judgment, is the question of domicile and jurisdiction over the parties and the issues. Williams v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279; Walker v. Walker, La.App., 157 So.2d 476; 246 La. 407, 165 So.2d 5 (aff'd in part, rev'd in part); Levert v. Levert, La.App., 156 So.2d 284; LSA-C.C. art. 38.
Not once did the husband raise this issue in Texas. On the other hand, he himself saw fit to file the original suit in Texas in which he alleged he was a bona fide resident of Texas, but now claims he was domiciled in Louisiana at that time, and was not a resident of Texas. In addition, he filed the suit in Pike County, Mississippi, *865 in October of 1963, in an attempt to obtain a divorce there, which was never decided, and which he claims his lawyer in Mississippi filed only to get some "fast money" as a fee and that he never authorized the lawyer to file it.
A person inducted into the military service retains his residence in the state in which he was inducted until he has abandoned it or established a new residence. Spring v. Spring, 210 La. 576, 27 So.2d 358; Walcup v. Honish, 210 La. 843, 28 So.2d 452. It is only in cases like Williams v. State of North Carolina, supra, that another state can review the jurisdictional question of domicile. In the Williams case the husband left North Carolina to go to Nevada to obtain a divorce after residing there for a minimum requirement of six weeks. The divorce was granted without the consent or the appearance of the defendant. Upon return to North Carolina, immediately after the Nevada divorce, the husband remarried and was charged with bigamy. The North Carolina Court ignored the Nevada decree on the basis that the husband was not in good faith since he went to Nevada solely to obtain a divorce and promptly left Nevada after obtaining it. In the case before us both parties had been residents of El Paso for over nine years prior to the institution of the suit; both made voluntary appearances, and both were represented by counsel.
The husband's only testimony, with reference to his alleged Louisiana domicile, is that, on several occasions, he voted absentee and that he brought his family back to Louisiana approximately once a year to visit his relatives for several days.
A person in the military service is presumed to retain his residence in the state from which he was inducted, but the presumption is subject to rebuttal by proof that he had established a new residence elsewhere. Walsh v. Walsh, 215 La. 1099, 42 So.2d 860.
The case of King v. King, La.App., 173 So.2d 882, cited by Appellant, is not apposite here. In that case the husband filed a suit for divorce against his wife in Louisiana. The wife claimed he had resided in the state only from July to December of 1961 in a military role. The court found that this was not a sufficient period of time to establish domicile in Louisiana, holding that the evidence in a divorce action by a career military man, who possessed some family and other ties in Louisiana, but who had resided in Louisiana only from July to December of 1961, supported the finding that he was not domiciled in Louisiana. LSA-C.C.P. art. 10(7). The presumption is that one in military service retains his prior domicile as long as any reasonable doubt thereof exists.
The husband's contention that the Texas Court was in error in ordering him to pay part of his military retirement pension to his wife is not now reviewable in Louisiana under the "full faith and credit" provision of the Federal Constitution.
The only issue here is whether or not the parties were domiciled in Texas at the institution of the proceedings in El Paso in January of 1963. Since they were so domiciled, as found by the Texas Court, the judgment of the Texas Court must be given full faith and credit.
The Trial Judge heard the evidence on this matter and was convinced that both parties were properly before the Texas Court and properly refused to consider the question of community property partition between the parties. The judgment of the District Court in favor of the Plaintiff-Appellee wife is correct and is affirmed; Defendant-Appellant husband to pay all taxable costs in both Courts.
Judgment affirmed.