327 So.2d 138 (1976)
Albert Joseph COUSIN
v.
Sally Fuerst, wife of Albert Joseph COUSIN.
No. 7238.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1976.
Robert J. Klees, Oliver S. Delery, New Orleans, for plaintiff-appellee.
Garon, Brener & McNeely, Trudy H. Oppenheim, New Orleans, for defendant-appellant.
Before GULOTTA, SCHOTT and BEER, JJ.
GULOTTA, Judge.
The sole issue with which we are confronted is whether alimony pendente lite continues in effect pending the wife's suspensive appeal, answered by the husband, from the trial court's dismissal of petition and reconventional demand for separation from bed and board.
Plaintiff filed suit for separation on the grounds of abandonment. Wife reconvened on the grounds of cruelty and abandonment. On April 17, 1974, alimony pendente lite was awarded to the wife in the sum of $200.00 per month. On December 3, 1974, the petition and reconventional demands were dismissed. Defendant-wife filed a suspensive appeal on December 31, 1974. Plaintiff answered the appeal on *139 May 21, 1975.[1] No payment of alimony pendente lite was made by the husband from December, 1974 to April 23, 1975, when a rule for past due alimony and contempt was heard. The stipulated arrearage at the time of the hearing of the rule (April 23, 1975) was $1,000.00. On May 21, 1975, the rule for contempt and past due alimony was dismissed. It is this dismissal which is before us on appeal.
Plaintiff-in-rule, wife, contends that as long as the separation suit is pending and the judgment has not become final, alimony continues to accrue. According to the wife, the judgment of the district court dismissing both suits is not final because of the existence of the pending appeal.
Defendant-in-rule, husband, claims that except in the instances set forth in LSA.C.C.P. art. 2088,[2]" the timely filing of an appeal bond, or if no bond is required, the granting of an order of appeal, divests the trial judge of jurisdiction. According to the husband, the filing of the appeal and posting of the appeal bond deprived the trial judge of the jurisdiction to hear the alimony and contempt rule. Defendant-in-rule, husband, further contends that the suspensive appeal stays the execution of the payment of alimony pendente lite until the judgment on the suspensive appeal is rendered. According to the husband, when a suspensive appeal was taken from the dismissal of the petition and reconventional demand for separation, the right of the wife to collect alimony pendente lite was also suspended. In this connection, he cites Schneider v. Schneider, 240 La. 93, 121 So.2d 498 (1960).
We fail to find merit in either of defendant-in-rule's, husband's, contentions. It is true that when a suspensive appeal is perfected, the trial judge is divested of jurisdiction of the matter pending on appeal. However, the trial court is not divested, under this Codal provision, of jurisdiction over ancillary matters in the litigation which are not on appeal. See the old case of State ex rel. Malady v. Judge of Seventh District Court of New Orleans, 22 La.Ann. 264 (1870). In the instant case, pending the appeal from the dismissal of the petition and reconventional demand for separation, the trial judge was not deprived of jurisdiction to hear rules for contempt or alimony.
Furthermore, until the appeal has been finally disposed of, alimony pendente lite continues to accrue. See Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962).
Therefore, the trial judge, in the instant case, erroneously dismissed the rule for accumulated unpaid alimony and contempt.
*140 The husband's contention that a suspensive appeal stays the execution of the payment of alimony pendente lite until the judgment on the suspensive appeal is rendered, as reflected by Schneider v. Schneider, supra, has been repudiated by the adoption of LSA-C.C.P. art. 3943 which became effective January 1, 1961 (subsequent to the Schneider decision). See also Malone v. Malone, 282 So.2d 119 (La.1973).
Accordingly, the May 21, 1975 judgment of the trial court, denying and dismissing the rule for alimony and contempt, is reversed and set aside. Judgment is now rendered condemning defendant-in-rule, Albert Joseph Cousin, to pay to plaintiff-in-rule, Sally Fuerst Cousin, accrued unpaid alimony owed through January 31, 1976 and totalling $2,800.00.[3] Costs to be paid by defendant-in-rule.
Reversed and rendered.
NOTES
[1] This date was obtained from a prior appeal filed in the Court of Appeal, Fourth Circuit, State of Louisiana, and heard on September 5, 1975.
[2] LSA-C.C.P. art. 2088 reads as follows:

Art. 2088. Divesting of jurisdiction of trial court
"The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to:
(1) Allow the taking of a deposition, as provided in Article 1437;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal.
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code."
[3] Total includes $1,000.00 stipulated through April 23, 1975 plus $200.00 per month from May 1, 1975 through January 31, 1976.