330 So.2d 374 (1976)
Mrs. Catherine M. RICE
v.
Louis J. KLIEBERT.
No. 7340.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1976.
Ralph D. Hillman, Thibodaux, for plaintiff-appellant.
G. Walton Caire, Edgard, for defendant-appellee.
*375 Before REDMANN, MORIAL and BEER, JJ.
MORIAL, Judge.
On June 6, 1974 the Superior Court for the State of California in and for the County of San Diego rendered a judgment in favor of plaintiff Mrs. Catherine M. Rice, a resident of the County of San Diego, and against defendant, Louis J. Kliebert, a resident of St. James Parish, Louisiana. This suit was brought in Louisiana seeking recognition of the California judgment under the full faith and credit clause of the United States Constitution.
Plaintiff and defendant were married and later divorced in California. Pursuant to the divorce decree, plaintiff was awarded custody of their three children and defendant was ordered to pay child support in the amount of $100.00 per month, per child. In 1970, defendant returned to his hometown in St. James Parish, Louisiana, where he remarried and has since maintained his domicile.
On September 11, 1973 plaintiff filed a proceeding in California requesting an increase in child support. The citation and petition for this suit were forwarded to plaintiff's counsel in Louisiana who allegedly thereafter served defendant at his residence. Defendant did not appear in the California proceeding and a default judgment was rendered against him. On September 12, 1974 plaintiff filed suit in Louisiana seeking recognition of this judgment. Defendant excepted to the suit on several grounds. The district court sustained the exceptions of lack of jurisdiction over the person of defendant and lack of service of process and dismissed plaintiff's suit. Plaintiff appeals. We reverse and remand.
Plaintiff argues that the issues raised by defendant's exceptions address themselves to the merits of the Louisiana suit for recognition of the foreign judgment and that the trial court acted improperly in dismissing this case on the exceptions.
It is well settled that in a suit for recognition of a foreign judgment, the only issue of the foreign proceeding which a Louisiana court may concern itself with is the question of domicile and jurisdiction over the parties and issues. Biri v. Biri, 192 So.2d 862 (La.App. 4 Cir. 1966). Hence, the issue of jurisdiction of the foreign court goes to the merits of the suit for recognition in Louisiana. Handling of the matter by exception is therefore, in the technical sense, improper. However, we must see whether this impropriety resulted in any prejudice to plaintiff.
Plaintiff asserts that the district court prevented her from introducing certified copies of Caifornia court documents which would prove that that court had personal jurisdiction over the defendant. We believe that a copy of the California summons and proof of service thereof upon defendant are vital to the present action. The question of jurisdiction over the person of defendant cannot properly be decided without them.
It is clear that the California court had jurisdiction over defendant to modify its prior award of child support. Imperial v. Hardy, La., 302 So.2d 5 (1974). In order to render a judgment against defendant though, service of process must first have been properly made. The method to be employed for service of process, being a procedural matter, is determined by the law of the forum state. Goodrich-Scoles, Conflict of Laws 82 (4th ed. 1964). The forum state, California, permits service of process on a person outside the state through any means allowable within the state. 14 Cal.Code § 415.40. 14 Cal.Code § 414.10 specifies that service within the state may be effected by anyone over 18 years of age and not a party to the action.
Although the record is barren of any evidence of service in the California proceeding, plaintiff alleges that her Louisiana counsel personally tendered service upon defendant. We believe that if proper *376 service is confirmed and proof of such is shown to be within the provisions of California law, plaintiff is entitled to a judgment in Louisiana recognizing the foreign judgment. Accordingly, we remand this case to the district court for the taking of evidence relative to the method of service and the proof thereof in the proceeding instituted against defendant in San Diego, California on September 11, 1973.
The judgment of the trial court dismissing plaintiff's suit on the exceptions of lack of jurisdiction over the person and lack of service of process is hereby reversed and the case is remanded to the trial court for proceedings in conformity with this opinion. Defendant is to pay all costs of this appeal.
REVERSED AND REMANDED.