CHEHARDY, Judge.
This is an appeal by the curator from a judgment rendered against an absentee father in the sum of $31,154.66 for past-due child support payments.
The proceedings originated in Louisiana in October 1978 when plaintiff Julie Ann Bagshaw, the former wife of defendant Robert Carl Sieja, filed a petition to have the court of this state'recognize a judgment of the circuit court in Wheaton, Illinois, rendered on April 23, 1975.
The portions of that judgment with which we are here concerned awarded plaintiff a divorce, granted her custody of the couple’s three children and awarded her $315 per month ($105 for each child) for their support.
The defendant answered the suit through an attorney of his choice admitting the divorce and custody allegations, but generally denying the balance of the allegations including those referable to the award for support and alleged arrears.
The chronology of the pleadings thereafter leading up to the appointment of a curator and the judgment complained of is as follows:
1. On December 5, 1978 plaintiff filed a motion for judgment on the pleadings which was served on defendant’s attorney and at a trial thereof the motion was denied.
2. Plaintiff filed a second motion for judgment on the pleadings on March 12, 1979, again serving defendant counsel. The judgment on this motion, signed April 24, 1979, granted “recognition of the entire judgment of the 18th Judicial Circuit, DuPage County, Wheaton, Illinois, including all final decrees, orders and judgments.”
3. After hearing of the aforesaid motion, but before the judgment was signed, plaintiff filed a rule for contempt and back-due alimony and served defendant attorney. The matter was set for trial on May 18, 1979.
4. The defendant attorney filed a motion for continuance for various reasons, including the fact he had not been able to contact defendant. The matter was continued until June 1, 1979.
5. On May 6, 1979 defendant attorney filed a motion to withdraw because he was discharged by defendant. The order of permission to withdraw was signed by the trial judge on May 18.
6. On June 1 when the matter came to trial no one was present and the rule was dismissed.
7. On July 31 plaintiff filed a rule for contempt and attempted to serve defendant under the Long Arm Statute in Laurel, Mississippi. This rule was dismissed when service was not perfected.
8. On November 26, 1979 plaintiff filed a motion to reset the rule once again attempting to serve defendant in Mississippi. This rule was also continued because of lack of success in serving defendant.
9. On October 17, 1980 plaintiff selected a new counsel to represent her and he was substituted as counsel on that date. He immediately filed a petition for the appointment of a curator and served him with a copy of the rule for contempt and back-due child support. The curator filed an exception of lack of jurisdiction and the matter was submitted on memoranda by consent of counsel. Judgment was rendered thereafter on the rule in favor of plaintiff and against the defendant in the sum of $31,154.66.
The curator has appealed.
The sole issue before this court is whether or not the trial court had jurisdiction to render a personal judgment against the absent defendant.
*541 Both plaintiff and the trial court rely on the Supreme Court case of Imperial v. Hardy, 302 So.2d 5 (La.1974). This case establishes the concept of continuing jurisdiction. In Imperial the husband and wife were divorced in Michigan. The wife moved to Louisiana with the children, and Imperial became delinquent in support payments and the Michigan court rendered a judgment for the arrearage. He later filed a rule in Orleans Parish to change custody and she reconvened for arrearages which she was awarded and which he paid, and for future support which was also fixed.
About five years later the wife filed another rule for arrearages and served Imperial through his earlier counsel of record. The Supreme Court found “continuing jurisdiction” for the later proceeding, reasoning that a court which has jurisdiction to make an award should have the power to modify and enforce the award.
As pointed out by our Supreme Court in Imperial, the sufficiency of service of process on the husband’s counsel of record depends on whether the court had jurisdiction over the person of the husband. If the court does have jurisdiction the service is proper under Articles 1312, 1313, and 1314 of the Code of Civil Procedure, which permits service of process of every pleading subsequent to the original petition by delivering a copy thereof to the adverse party or his counsel of record. Walker v. Walker, 246 La. 407, 165 So.2d 5 (1964).
If the Twenty-Fourth Judicial District Court had personal jurisdiction over the defendant it would have authority to appoint an attorney to represent the absent defendant under the authority of C.C.P. art. 5091.
The record establishes that after the divorce, the plaintiff moved to California with two of the children, leaving one with her husband in Illinois. She later regained custody of the third child and now lives in Pennsylvania with the children. Neither the wife nor the children have ever lived in Louisiana. Defendant apparently moved to Mississippi and is now believed to be residing in Florida.
As pointed out by the curator, the instant case appears to involve a Pennsylvania resident suing a Florida resident upon an Illinois judgment in a Louisiana court. We do not believe the concept of continuing jurisdiction was intended to furnish a forum for the litigation of foreign matters between two non-residents involving children who do not reside here.
Furthermore it is clear in the instant case that the defendant had discharged his attorney and is no longer a domiciliary of this state, if indeed he ever was. We cannot agree that the Louisiana court retains jurisdiction to render a personal judgment against a non-resident simply because he at one time lived in this state.
As the curator correctly pointed out, all of the cases involving continuing jurisdiction in Louisiana involve children who are residents here and the concept has not been approved as it applies to needy non-domici-liaries based upon a foreign judgment.
The only service of the rule upon which the money judgment was rendered was that made upon the curator, conferring no jurisdiction. The prior rule was served on defendant-retained attorney, but the rule was dismissed without reaching the merits. The recognition proceeding did not result in an award, but only in the recognition of a foreign judgment.
Even if we were to find jurisdiction, the only evidence in the record upon which the award appears to have been based, is a deposition of plaintiff taken in Philadelphia, which is not even an original or certified copy, and a further exhibit of correspondence between plaintiff to her counsel enumerating the expenses she has made for college tuition, medical bills, etc. There is no testimony whatsoever in the record to support such an award for arrears.
•For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of defendant Robert Carl Sieja dismissing plaintiff’s suit. All costs in both courts are to be paid by plaintiff Julia Ann Bagshaw.
REVERSED.