BRUNOT, Justice.
The plaintiff and defendant were married in 1926. They had no children, but they acquired the following property, in community, to wit: A certain lot, with improvements thereon, in the town of Independence, La., which they occupied as a residence, the household furniture in their residence, and a Chevrolet automobile. The plaintiff abandoned his wife in 1933, and a few days after said abandonment he filed a suit against her for a separation from bed and board. The suit is based upon alleged cruel treatment of him by his wife, and threats by her to kill him. The defendant did not answer the suit and, in due course, a default was entered and later confirmed by a judgment decreeing a separation from bed and board, as prayed for in the petition, recognizing the defendant as the. owner of one-half of the community property, and taxing her with the costs of the suit.
The defendant did not appeal from the judgment, but about three months after its rendition, she filed a rule on the plaintiff to show cause why he should not be condemned to pay her alimony, pendente lite, at the rate of $50 per month from the date the rule was filed. The plaintiff excepted to the rule upon the ground that it did not disclose a right or cause of action. The rule was heard, the exception was maintained, the demand for alimony was rejected, at the cost of the plaintiff in rule, and she obtained the proper order and perfected an appeal from the judgment
On the trial of an exception of no cause of action, whether the exception be filed to the main or to an incidental pleading, the facts alleged in the petition must be accepted as true, and the issue must be decided on the face of the petition and such documents as may be made a part thereof.
In this case there was nothing before the court but the application for the rule and the exception thereto. It is alleged in the application for the rule that the wife did not demand alimony at the time the judgment a mensa et thoro was rendered because the plaintiff promised to pay her alimony during the pendency of the suit; that *237 ■he complied with said promise for the months of November and December, 1933, but refused to pay her any sum whatever after that time; that she hás no means of support and is in necessitous circumstances; and that the plaintiff is able to pay her alimony in the sum of $50 per month. She further alleges that there has been no settlement of the community between them. Inasmuch as these allegations must be accepted as true, Rev. Civ. Code, art. 148, as amended by Act No. 130 of 1928, has direct application to such a state of facts. The article, as amended, is as follows: “If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
The quoted article of the Code is mandatory, if it be shown that the wife is in necessitous circumstances, or without income for her support.
The theory that, because a wife, in a separation suit, suffers a judgment by default to be rendered against her, and because there is no provision in said judgment for the payment of alimony, she-is thereby barred from thereafter claiming alimony, finds no support in law or in the jurisprudence of this state.
Eor the foregoing reasons, it is decreed that the judgment appealed from be, and it is hereby, avoided and reversed, and the case is remanded to the Twenty-Eourth judicial district court to be proceeded with according to law and the views herein expressed.