**172 So. 172**

**ARNOLD v. ARNOLD.**

No. 34080.

Jan. 4, 1937.

James H. Trousdale, Jr., of Monroe, for appellant.

Oliver & Digby, of Monroe, for appellee.

O'NIELL, Chief Justice.

This is a suit for separation from bed and board, on the ground of cruel treatment. The plaintiff alleged, as an additional ground for the separation, that on one occasion, during a quarrel, her husband attempted to kill her. She asked for alimony pendente lite and for permanent alimony at $25 per month. She asked also that her husband should be condemned to pay the fee of her attorney, to be fixed by the court. The judge ordered the defendant to show cause why he should not pay the alimony pendente lite, and after a hearing the judge ordered him to pay $7 alimony every two weeks during the pendency of the suit. The defendant, answering the suit, denied that he had treated his wife cruelly, or that he had ever attempted to take her life. He accused her grown son, by a former marriage, of being the cause of their domestic troubles. He accused his wife, also, of being cruel to him, by taking sides with her son in his quarrels with the defendant. The defendant, therefore, prayed that the plaintiff's demand should be rejected, and that he, as plaintiff in reconvention, should have a judgment against his wife, decreeing a separation from bed and board. After a trial of the case, the judge gave the plaintiff a decree of separation from bed and board, but rejected her demand for alimony, and rescinded the order for the payment of alimony pendente lite, saying that no alimony should be due thereafter. The defendant's reconventional demand for a decree of separation in his favor was declared rejected, at his cost, but nothing was said about the plaintiff's attorney's fee. The plaintiff appealed from the judgment, and complains, of course, only of the rescission of the order to pay alimony pendente lite, and of the failure of the judge to condemn the defendant to pay the plaintiff's attorney's fee, to be fixed by the judge. The defendant, answering the appeal, asks for a reversal of the judgment appealed from, and for a decree of separation in his favor.

As to whether the plaintiff or the defendant is entitled to a decree of separation from bed and board, the case presents only questions of fact; which are, for the most part, dependent upon the veracity of the witnesses. We therefore defer very largely to the opinion of the district judge —particularly as to which side of the final quarrel between the plaintiff and defendant was the just side. The evidence is not all unfavorable to the defendant. On the contrary, his conduct towards his wife, and his providing for her, during the greater part of the twenty-one years of their married life, seems to have been very creditable to him. During the last few years her health failed, and she was compelled to undergo a surgical operation, after which she was unable to work about the house, and suffered greatly. The domestic unhappiness and quarrels that followed were more the misfortune of the couple than the fault of either of them. The evidence, however, is not so one-sided as to justify our taking issue with the judge who tried the case, on his findings of fact. Hence we shall affirm the decree of separation from bed and board in favor of the wife.

The judge did not render a written opinion in the case; hence we do

not know why, in the decree of separation from bed and board, the judge rejected the plaintiff's demand for alimony, and rescinded the order which was rendered at the beginning of the suit, compelling the defendant to pay $7 alimony every two weeks. From the wording of that part of the decree which put an end to the payment of alimony pendente lite, it seems that the judge considered that the litigation was brought to an end by the decree of separation from bed and board, and hence that there was no longer any occasion for alimony pendente lite. The rendering of a decree of separation from bed and board, however, does not put an end to the wife's right to have alimony pendente lite—which means nothing more than the wife's right to have the financial support of her husband until the bonds of matrimony are dissolved. Rev.Civ.Code, art. 148; State ex rel. Hill v. Judge, 114 La. 44, 38 So. 14; Anzalone v. Anzalone, 182 La. 234, 161 So. 594. In fact, the right of a wife to receive alimony during the pendency of a suit for divorce or for separation from bed and board is merely the obligation of the husband to support his wife, and is not at all dependent upon the merits or the outcome of the suit for divorce or for separation from bed and board. LeBeau v. Trudeau, 1 Mart.(N.S.) 93; Lauber v. Mast, 15 La.Ann. 593; Holbrook v. Holbrook, 32 La.Ann. 13, 16; Suberville v. Adams, 46 La.Ann. 119, 125, 14 So. 518; Brouilette v. Mallet, 180 La. 787, 157 So. 594, 595. In the latter case, the wife lost her suit for separation from bed and board in the district court, and the judge, as in this case, revoked the order for the payment of alimony pendente lite. The wife obtained a writ of certiorari, and compelled a reinstatement of the order for the payment of alimony during the pendency of her appeal from the judgment rejecting her demand for a separation from bed and board. In Anzalone v. Anzalone, supra, the husband sued for a separation from bed and board, and the wife allowed the judgment to go against her by default, without asking for alimony pendente lite. Thereafter the wife obtained a rule on the husband to show cause why he should not pay her alimony pendente lite—that is to say, until the bonds of matrimony were finally dissolved. This court held that her right of action for alimony pendente lite was well founded, on the theory that a decree of separation from bed and board is only an interlocutory decree, which does not dissolve the bonds of matrimony unless or until it leads to a decree of divorce. The plaintiff in this case has no income whatever, and is entitled to the alimony which was allowed her, as long as the marriage remains undissolved.

▮ Referring now to the wife's demand that the husband be condemned to pay the fee of her attorney, no evidence whatever was offered in support of the demand. No evidence was tendered to show what the wife paid, or what debt she incurred, as an attorney's fee. In fact, no evidence was tendered to show that the plaintiff paid or incurred any obligation in that respect; and no evidence was tendered as an estimate of the value of the services rendered by the attorney who represented the plaintiff. The judge was warranted in assuming that the plaintiff had abandoned her

demand that her husband should be condemned to reimburse her for the attorney's fee. We shall affirm the judgment in that respect, without expressing an opinion as to whether the attorney himself may have a cause of action against the defendant for the services rendered to the plaintiff in this case.

The judgment appealed from is amended by reinstating the order requiring the defendant to pay his wife $7 every two weeks for her support until the bonds of matrimony are finally dissolved, the payment of all past-due installments, since the date of the decree of separation from bed and board, to be paid when this decree shall have become final. As thus amended, the judgment is affirmed, at the cost of the defendant, appellee.