FOURNET, Justice.
 

 The relator, Wilbert H. Qark, having been tried and convicted on an bill of information charging him with the offense of criminal neglect of his family by the desertion and intentional nonsupport of his wife, in violation of Article 74 óf the Louisiana Criminal Code, and sentenced to .serve 60 days in jail — this sentence, in .pursuance to Article 75 of the Louisiana Criminal Code, being suspended on condition that he pay his wife $15 a week for her support and furnish bond of $250 to guarantee this payment — applied for and was granted writs of certiorari and prohibition, and, accordingly, we ordered the trial judge to transmit to this court the record in the proceedings complained of to the end that their validity might be ascertained and also to show cause why the relief sought should not be granted, staying all proceedings pending our determination of the matter.
 

 The first alleged errors occurred when the trial judge, on the day fixed for trial, overruled defendant’s plea in abatement— based on the fact that his wife’s suit for separation on the ground of desertion and abandonment had been dismissed when she declared in open court during the trial thereof that she ’would never again live with him under any circumstances when he offered to resume relations with her-if she would return to the matrimonial domicile, the date of the alleged abandonment in the civil suit being approximately the same date as that ■ on which the alleged offense recited in the information occurred, December 14, 1944 — and his alternative motion that the information be quashed because it failed to contain the averment that the alleged offense had been committed “without just cause.”
 

 We fail to appreciate in what manner the fact that the husband offered to return to the matrimonial domicile and resume marital relations with the complaining witness on-the trial-of. her suit for separation on the ground of abandonment
 
 *1052
 
 could have the effect of abating the actions of the husband that culminated in the charges brought against him and his counsel has failed to enlighten us in this respect.
 

 The motion to quash is equally without merit. The accused was charged with the offense denounced in Article 74 of the Criminal Code which declares that
 
 “Criminal Neglect of Family
 
 is the desertion or intentional non support: (1) By a husband of his wife who is in destitute or necessitous circumstances * * While it is true that the indictment or information “must state every fact and circumstance necessary to constitute the offense” (Article 227 of the Code of Criminal Procedure), it “is sufficient if it follows the language of the statute substantially or charges the offense in equivalent words or others of the same import, if the defendant is thereby fully informed of the particular, offense charged, and the court is enabled to see therefrom on what statute the charge is founded.” 27 Am. Jur. 660, Section 101. See, also, State v. Dark, 195 La. 139, 196 So. 47, and State v. Varnado, 208 La. 319, 23 So.2d 106, on rehearing. (Italics ours.)
 

 The fact that under the law existing prior to the adoption of the Criminal Code (Act 77 of 1932), and the jurisprudence thereunder, it was necessary in order to constitute the offense that it be alleged and affirmatively shown that the desertion or nonsupport of the wife or child was “without just cause” is of no moment here because that clause was apparently purposely omitted by the legislature when it subsequently repealed Act. 77 of 1932 by the adoption of the Criminal Code, Act 43 of 1942.
 

 The next alleged errors occurred when the trial judge overruled the defendant’s motion for a bill of particulars, in which motion he averred that the charges against him were too uncertain, indefinite, and vague to place him on his guard as to the offense intended to be charged and sought to have the state set out the facts relied “upon to prove that the complainant is ‘In Destitute and Necessitous Circumstances’ and When, during the course of the trial that immediately followed, the judge refused to permit counsel for the defendant to elicit any information from the complainant under cross-examinatio'n to establish that the defendant did not leave the complaining witness without just cause, and that she had never asked him for assistance or apprised or shown him in any other manner that she was in destitute and necessitous circumstances.
 

 We think the trial judge properly overruled the motion for a bill of particulars, for while the defendant is entitled to have such additional data as may be necessary for him to properly prepare his defense, within the discretion of the trial judge, he is never entitled to have the prosecution set out the facts or evidence it will rely on to establish the offense charged.
 

 We do think, however, that the trial judge erred in not allowing the defendant to show that he did not leave the complaining witness without just cause and that he was never apprised of her destitute
 
 *1054
 
 and necessitous circumstances, for it is elementary that there can be no desertion if, under our law, the defendant had the right to and was justified in leaving the matrimonial domicile, and that there can never be an intentional nonsupport of a wife or child if there is no legal duty or obligation on the part of the husband and father to support them. Furthermore, there can be no intentional nonsupport of a person to whom a duty or obligation to support is owed unless the .party upon whom such duty or obligation rests has knowledge of the dire circumstances of that person.
 

 For the reasons assigned the conviction and sentence of the defendant, Wilbert H. Clark, are annulled and set aside and the case is remanded to the Fourteenth Judicial District Court for the. Parish of Calcasieu for further proceedings consistent with the views herein expressed.