**62 So.2d 492**

**LEAGER (LEGER) v. LEAGER (LEGER).**

**No. 40083.**

Dec, 15, 1952.

Thos. Arthur Edwards, Lake Charles, for appellant.

Charles C. Jaubert and A. J. Resweber, Lake Charles, for appellee.

HAMITER, Justice.

In this litigation resulting from marital difficulties between Lucien Leger and his wife, Lula Leger, two suspensive appeals have been perfected by the husband, the instant one being No. 40,083 and the other No. 40,756 on the docket of this court. On joint motion of counsel the appeals have been consolidated and submitted on briefs, without oral argument, pursuant to Section 9 of Rule IX of the Supreme Court Rules. We shall discuss them together but render separate decrees.

The husband initiated the litigation, he alleging cruel treatment of the wife towards him and demanding a judgment of separation from bed and board. Further, he prayed, among other things, that "* * * judgment be rendered in his favor decreeing that the property already received by defendant be held a full satisfaction of all claims she may have in the community of acquets and gains formerly existing between them, ordering a full release by her as to any and all other community property and that plaintiff assume all payments due on said real property."

Answering, the wife denied generally the allegations of the petition. Then, in reconvention, she averred cruelty on the part of the husband and prayed for a judgment of separation against him. Also, she asked for awards of alimony, both pendente lite and permanent, and that her rights in and to the community property be recognized and enforced.

After a hearing of a rule issued in connection with the reconventional demand the husband was ordered to pay to the wife the sum of $40 per month as alimony during the pendency of the suit. From the order the husband requested and obtained the first and instant suspensive appeal.

Following the perfecting of this appeal a trial of the merits of the respective separation claims was had, it resulting in a judgment in favor of the husband decreeing a separation from bed and board and ordering a rejection of the wife's reconventional demands. The judgment further decreed "* * * that the decision of the Court in matter of adjudication of the community interests of the parties claimed and owned by each of them, is pretermitted with approval of the parties hereto, and referred to John A. Hickman, notary public and special master, to take evidence thereon and make his report to the Court for approval.

or disapproval as the Court may determine * * * ."

Without either of them taking an appeal from such judgment, and after its rendition, the parties filed with the notary and special master (who had been appointed pursuant to their agreement) written instruments in which they set forth their respective contentions with reference to a proper community settlement. Evidence was then received by the appointee; and in due course he submitted to the court, as well as to both counsel, a report of his findings as to the community interests of the litigants.

Concurring in the report the wife petitioned the court to have it approved and homologated and, on the basis thereof, to obtain a partition by licitation of the community effects.

The husband also filed a supplemental petition. Therein he prayed for a decree of absolute divorce, a year of continuous living apart having allegedly elapsed since the judgment of separation; that the court review the report of the special master and make certain suggested corrections therein; and that a partition by licitation of the community property be ordered.

Both petitions were tried and considered together, after which the court rendered two judgments. One granted to the husband an absolute divorce. The other approved and homologated the special master's (notary's) report respecting the community effects, ordered a partition by licitation, and referred the litigants to the same notary to effect the partition. From the latter judgment the husband is prosecuting his second suspensive appeal, it being numbered 40,756. 222 La. 309, 62 So.2d 494.

With reference to alimony pendente lite for a wife, from an order granting which the husband herein perfected his first or the instant appeal, LSA–Civil Code, Article 148 recites:

"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."

█ Appellant does not urge in this court that his wife had a sufficient income for her maintenance pending her reconventional demand for a separation or that the sum fixed by the district judge was disproportionate to her needs and to his means. He charges only that the wife willfully left him without good cause or reason, and he contends that she, being at fault in the separation, was not and is not entitled to support from him at any time. The charge relates exclusively to the merits of the demand for a judgment of separation, and it follows that the contention with respect to the claim for alimony pendente lite is untenable. Our jurisprudence is well settled to the effect that the right of the wife to receive alimony during the pen-

dency of her demand for a separation from bed and board is not dependent upon the merits or outcome of that demand. Anzalone v. Anzalone, 182 La. 234, 161 So. 594; Arnold v. Arnold, 186 La. 323, 172 So. 172; Grisamore v. Grisamore, 191 La. 770, 186 So. 98; Coney v. Coney, 215 La. 667, 41 So.2d 497; St. Martin v. Messersmith, 218 La. 239, 48 So.2d 909.

Without application is our decision in State v. Clark, 208 La. 1047, 24 So.2d 72, on which appellant's counsel relies. The proceeding therein was a criminal prosecution, and the case involved the construction of Article 74 of the Louisiana Criminal Code, LSA-R.S. 14:74 relating to the offense of criminal neglect of family.

The several complaints made here by appellant under his second suspensive appeal (No. 40,756) are somewhat difficult to understand. They seem to be three in number and as hereinafter stated.

First, to quote from the brief of counsel, it is said that "Reference to Notary-master for such adjustment [ascertainment of community assets and settlement of accounts as between the litigants] is an illegal delegation of powers of the court, and any recommendations made by notary is merely for information of the court in determining equities as to interests of the parties in the community." According to the record the referring of the matter to the notary was by agreement—apparently on the recommendation of appellant's counsel; and, without objection, both parties participated in the proceedings before him. Following the submission and filing of the notary's report the litigants were permitted to and did introduce evidence challenging its correctness, all of which the court considered and weighed (the transcript discloses this) in rendering the assailed judgment. In view of these circumstances the quoted complaint has no merit. (Brackets ours)

Next, appellant seems to complain of the settlement of accounts as between the parties, he maintaining that the notary and court should have allowed him credit and ordered reimbursement for funds which he expended in payment of certain debts from the time of the wife's abandoning the marital domicile until the date of his institution of the separation suit (a period of some eleven months during which the community was still intact). Admittedly, these debts affected property belonging to the community; and presumably they were paid from earnings of the husband during the mentioned period or from accumulated funds of the community, no showing having been made that he possessed any separate assets. Hence, community funds were used in discharging community obligations, and appellant is not entitled to any reimbursement or credit.

Finally, it is argued that the district court, having approved and homologated the notary's report and having ordered a partition, should not have again referred the parties to the notary public for effecting

the partition. A complete answer to this argument is to be found in LSA–Civil Code, Article 1345 which provides:

"When the judge has ordered the partition, and regulated the manner in which it shall be made, as well as the collations, if the case require it, he shall refer the parties to the recorder of the parish or a notary appointed by him to continue the judicial partition to be made between them."

For the reasons assigned the judgment appealed from herein (No. 40,083) is affirmed at appellant's costs.