PONDER, Justice.
The appellee has moved to dismiss the appeal, taken in this case, from a judgment awarding him a separation from bed and board, on the ground that the appellant did not furnish the appeal bond within thirty days from the date of the rendition of the judgment, as required under the provisions of LSA-R.S. 13:4452.
The appellee was awarded in the lower court a judgment of separation from bed and board on May 2, 1957. The judgment was signed on May 8, 1957. The appellant was granted a devolutive appeal, in the lower court, on June 5, 1957 and the amount of the appeal bond was fixed. The appellant did not file the appeal bond until June 13, 1957. On July 31, 1957, two days after the transcript was filed in this Court, the appellee filed a motion to dismiss the appeal.
The appellee contends that the bond was not timely filed to perfect the appeal. He relies upon LSA-R.S. 13:4452, which requires that the appeal from a judgment of separation from bed and board must be taken within thirty days after the judgment becomes final.
LSA-R.S. 13:4452 provides that “No appeal shall lie from any final judgment of separation from bed and board or of divorce after thirty days from its date, but any appeal perfected within that time shall suspend the execution of the judgment until the appeal shall have been finally disposed of.”
The appellant opposes the motion to dismiss, contending that intervening Sundays should be excluded in the computation of the thirty day period and that herein the last day for perfecting the appeal was June 13, 1957, the date the appeal bond was filed. The appellant relies upon Article 573 of the Code of Practice, as amended, which provides: “* * * in cases where the judgment decrees a divorce, such a petition or motion of appeal must be filed within thirty *763 ■days, not including Sundays, after the signing of such judgment, instead of ten days, and shall operate as a suspensive appeal therefrom, and there shall he no devolutive appeal allowed thereafter.”
The appellant takes the position that this provision of the code of Practice must be given effect and construed with LSA-R.S. 13:4452.
In the case of Knoll v. Knoll, 114 La. 703, 38 So. 523, this Court specifically held that Article 573 of the Code of Practice does not apply to appeals taken in cases of separation from bed and board.
Since the decision was handed down in the Knoll case, Act 24 of 1930 was enacted which provides that no appeal will lie from a final judgment of separation from bed and board and divorce after thirty days from its date. Act 24 of 1930 is carried in the LSA-Revised Statutes as Section 4452 of Title 13. No mention is made in that statute of Article 573 of the Code of Practice.
The section of the revised statutes above referred to does not authorize the excluding of Sundays in the period of time allowed for the taking of an appeal from a judgment of separation from bed and board. If Article 573 of the Code of Practice has any effect, it would apply, by its very own terms, only to appeals taken from judgments of divorce. Therefore, the appeal was not timely perfected because the appeal bond was filed more than thirty days after the judgment was rendered.
For the reasons assigned, the appeal is dismissed at appellant’s cost.