104 So.2d 157

Henry J. BOUCVALT

v.

Mrs. Pearl Dupree BOUCVALT.

No. 43833.

June 27, 1958.

in the wife's favor or when she has not been at fault.

This court, however, specifically overruled such contention in Hillard v. Hillard, 225 La. 507, 73 So.2d 442, citing a similar holding in Anzalone v. Anzalone, 182 La. 234, 161 So. 594, and reviewing the pertinent jurisprudence. Therein, we pointed out that although a judgment of separation from bed and board terminates the spouses' conjugal cohabitation and their community of acquets and gains (see LSA–C.C. Art. 136), it does not dissolve the marriage itself nor "extinguish the obligation of fidelity and the duty of support and assistance provided for in Articles 119 and 120 of the LSA–Civil Code," 225 La. 511, 73 So.2d 443. We therefore held that following a judicial separation, whichever spouse was at fault, the husband's duty to support the wife is enforceable at law. Cf., Murphy v. Murphy, 229 La. 849, 87 So. 2d 4.

Appellant husband cites Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169, in support of his contention. This case does not relate to the husband's duty to support a necessitous wife between the judgment of separation and the judgment of divorce, which duty indeed it specifically recognizes. The question there simply concerned whether "alimony" paid during such in-

Adrian G. Duplantier, New Orleans, for appellant.

Leonard J. Fagot, New Orleans, for appellee.

TATE, Justice-ad-hoc.

On May 8, 1957, Henry J. Boucvalt was judicially separated from his wife, Pearl Dupree Boucvalt. See 233 La. 760, 98 So. 2d 179, dismissing the wife's appeal from such judgment. Subsequently, pursuant to rule filed by her July 30, 1957, the wife was awarded alimony of $14 per week upon her allegation and proof that she was in necessitous circumstances.

Primarily, the husband appeals from this award on the ground that the courts are without authority to allow alimony to a wife following a judgment in favor of the husband of separation from bed and board. We are reminded that such an award is not provided for by the codal articles pertaining to alimony allowable due to the marital relationship: LSA–C.C. Art. 148 providing for alimony pendente lite only during the pendency of a suit for separation or for divorce; and LSA–C.C. Art. 160 providing for alimony following a final divorce decree

terval pursuant to private agreement (after being denied by the court) should, in a partition of the community, be charged against the community, the husband's separate estate, or (as held) the wife's separate estate. The holding therein is not apposite to the present issue.

■ Alternatively, the husband-appellant contends that the wife did not sufficiently prove her need and that the $14 weekly alimony provided by the judgment is excessive in amount. We are unable to say that this award is unjustified by the evidence, which shows that the husband is regularly employed and has a weekly take-home pay of approximately $50 and that the wife is unable by reason of illness to earn her own living.

For the reasons assigned, the judgment is affirmed.

McCALEB, Justice (dissenting).

The majority opinion is fully supported by the cases of Anzalone v. Anzalone, 182 La. 234, 161 So. 594 and Hillard v. Hillard, 225 La. 507, 73 So.2d 442. As I am of the opinion that these cases are incorrect for the reasons stated in my dissenting opinion in Hillard v. Hillard, see 225 La. 518, 73 So.2d 445, I am impelled to again disagree, entertaining the hope that this erroneous jurisprudence will be eventually overruled.