HARDY, Judge.
This is an action instituted by rule seeking a reduction in alimony for the maintenance and support of the minor children of the parties plaintiff and defendant. Defendant, as plaintiff in rule, appeals from judgment recalling the rule and rejecting his demands for a reduction of alimony.
Plaintiff wife first instituted suit for separation from the defendant husband, and in connection therewith procured judgment, signed April 28, 1958, awarding her the custody of the three minor children of the marriage and fixing alimony for the care and support of said minor children in the amount of $150.00 per month, pendente lite. The amount of alimony was fixed by consent and agreement on the part of the defendant husband and was continued in the same amount in the judgment of divorce of March 22, 1960.
In his petition praying for the issuance of a rule nisi and judgment reducing the amount of alimony to $75.00 per month, the divorced husband alleged that his financial condition had suffered a drastic deterioration since the original agreement with respect to the fixing of alimony in 1958, and that his earnings had been reduced from approximately $10,000.00 per year to the sum of $4,600.00 per year. The correctness of these representations, which are purely factual in nature, constitute the only issue presented by this appeal.
Since the divorce plaintiff in rule has remarried, and, while he contended in his testimony on trial of the rule that he and his present wife were living separate and apart, it must be observed that there has been no judicial separation, and the wife is living with her husband’s parents. Plaintiff in rule further testified that his earnings in 1958 were approximately $7,200.00 and that the earnings of himself and his present wife in 1961 were approximately $10,000.00.
We think no useful purpose would be served by an attempt to make a detailed recapitulation of the earnings and expenses of plaintiff in rule year by year. It suffices to say that the husband’s earnings at the time of trial of the rule, considered in connection with his wife’s earnings, would appear to be adequate for the purpose of their support without the necessity for reducing the amount of alimony for the support of the minor children by the first marriage.
The principle that a father is primarily liable for the support of his minor children is too well established to necessitate comment. If a father under such an obligation voluntarily chooses to increase his financial obligations by a subsequent marriage, he must do so at his own risk and without impairment of the responsibility to his children.
In our opinion the record fails to justify the relief sought, and, accordingly, the judgment is affirmed at appellant’s cost.