206 So.2d 558 (1968)
Leona Williams STEVENS
v.
Marvin John STEVENS.
No. 7223.
Court of Appeal of Louisiana, First Circuit.
January 29, 1968.
Donald H. Lee, of Seal, Lee & Crain, Bogalusa, for appellant.
*559 France W. Watts, III, of Watts & Watts, Franklinton, for appellee.
Before LOTTINGER, SARTAIN, and ELLIS, JJ.
ELLIS, Judge.
Plaintiff brought this suit asking for a judgment of separation from bed and board, alimony and attorney's fees, based on abandonment. Defendant reconvened for a separation, and judgment against the separate estate of his wife for one half of certain amounts invested in the separate property of Mrs. Stevens by the community. After trial on the merits, the district court awarded Mrs. Stevens a separation from Mr. Stevens, but denied her alimony because he found the parties guilty of mutual fault. He gave Mr. Stevens a judgment against the separate estate of his wife for $566.50, one half of the value of the improvements made to the separate property of plaintiff. The judgment was silent as to the attorney's fees. Plaintiff perfected this appeal, alleging that the judge erred in decreeing mutual fault, in failing to allow her alimony pendente lite and in failing to grant the attorney's fees prayed for. Mr. Stevens neither appealed nor answered Mrs. Stevens's appeal. We are therefore limited to consideration of the specifications of error.
Under the provisions of Article 148 of the Civil Code, as interpreted by the courts, the wife is entitled to alimony for her support from the time of the institution of a suit for separation from bed and board until a judgment of final divorce has been rendered to the parties, regardless of the question of fault. Boucvalt v. Boucvalt, 235 La. 421, 104 So.2d 157 (1958).
The question of mutual fault is immaterial to our decision in view of the law hereinabove cited, which entitles plaintiff to alimony prior to final divorce.
The record reveals that the trial court had fixed alimony pendente lite in the sum of $25.00 per week at a rule prior to the trial of this case on the merits. This amount was paid by defendant until the time of trial herein. There was no showing of any material change in the circumstances of either party between the time of the alimony rule and the trial. A review of the record convinces us that the amount fixed at the rule was reasonable.
The wife can bind the community estate for the payment of attorney's fees incidental for a suit for a separation or divorce. Romero v. Leger, 133 So.2d 897 (La.App. 3 Cir. 1961); Moore v. Moore, 187 So.2d 145 (La.App. 3 Cir. 1966). Such fees are payable only out of community assets, and there is no liability on the husband except as head and master of the community of acquets and gains. Gallagher v. Gallagher, 190 So.2d 916 (La.App. 2 Cir. 1966). The wife cannot, by agreement with her attorney, bind the community to pay any specific fee, since the fee will be fixed by the court on a quantum meruit basis. Gallagher v. Gallagher, supra.
The defendant concedes the above points, but points out that there is no basis in the record for fixing the fee other than the testimony of the plaintiff herself as to what she had agreed to pay her attorney. However, the courts may, when familiar with the facts upon which the award of an attorney's fee is to be made, make its own estimation as to the value of the services rendered. Gallagher v. Gallagher, supra.
Our examination of the record herein convinces us that the services of plaintiff's attorney in bringing the suit, trying the alimony rule, trying the case on the merits, and prosecuting this appeal justify the award of $400.00 attorney's fees prayed for.
Accordingly, the judgment appealed from will be amended by awarding to plaintiff alimony in the sum of $25.00 per week from May 5, 1967, the date of the judgment appealed from, with legal interest on all *560 past due installments from due date until paid; and by the allowance of an attorney's fee to plaintiff in the sum of $400.00, to be paid out of the assets of the community of acquets and gains heretofore existing between the parties. In all other respects, the judgment appealed from is affirmed, with all costs of this appeal to be paid by defendant.
Amended and affirmed.