GLADNEY, Judge.
This appeal involves a proceeding by Mrs. Marian Willey McCarter Nelson against her former husband, George E. McCarter, primarily for the purpose of increasing the amount of child support. Additionally petitioner requested that past due payments be made executory. The trial court denied any increase of support and rendered ex-ecutory the past due payments. Plaintiff has appealed.
By judgment of April 8, 1953 Mrs. Nelson secured a judgment of divorce from her husband, George E. McCarter, which decree awarded to the mother the custody of Rebecca Ann, issue of the marriage born May 9, 1949. No provision was then made for the payment of alimony or child support. On June 28, 1957 the father was ordered to pay $30 per month child support commencing August 15, 1957. The suit instituted by the mother to obtain an award of child support was through ordinary process.
In fixing the amount of $30 per month the trial court no doubt felt that there was no need for the father, the present appel- *469 lee herein, to contribute any greater sum from his salary, which at that time was approximately $250 per month. During the intervening years the amount so fixed in the decree of 1957 has remained unchanged. On July 7, 1967 Mrs. Nelson instituted this action by rule nisi requesting an increase of support to $75 per month and to have decreed executory the past due payments. The evidence reveals that at the time of this last proceeding Mrs. Nelson had a gross income of approximately $350 per month and appellee had a gross income of approximately $590 per month. Subsequent to the divorce McCarter remarried and at the time of the trial of the rule, was supporting his son of the second marriage, a child of 14 years of age. In addition to his personal income the present wife of Mc-Carter was earning approximately $65 per week, although her husband stated that she was not in good health and her employment was of a temporary nature.
The appellant in asking for the increase evidenced the fact that the needs of Rebecca Ann, who recently graduated from high school, during her first year in college would be substantially increased, especially for clothes, laundry and other necessities not included in the gratuities supplied by the grandparents and herself. Although the father has testified to certain fixed expenses incurred, which he declares leaves him only $131 per month for living expenses, we can think of no reason why he should not include $45 additional to make a payment of $75 per month for the support of his daughter. The trial court concluded that this amount was needed but refrained from making the additional award of $45 per month for the reason that the parties over the years had adjusted themselves to the amount of money which each receives and each should have made plans for future years on the basis of their income. This conclusion ignores the evidence that Rebecca Ann will have these extra expenses which the court found to be necessary and which the law requires that the father assume as his proper share of responsibility in the rearing of his daughter. This was pointed out in Duncan v. Duncan, La.App., 146 So.2d 255 (2nd Cir. 1962):
“The principle that a father is primarily liable for the support of his minor children is too well established to necessitate comment. If a father under such an obligation voluntarily chooses to increase his financial obligations by a subsequent marriage, he must do so at his own risk and without impairment of the responsibility to his children.” [146 So.2d 255, 256]
It is our considered opinion that the judgment of the trial court should be modified to increase the award to $75 per month.
Counsel have argued that this proceeding was erroneously brought by summary procedure, that is, by a rule nisi, to alter the amount of child support previously fixed by a decree of this court. Although it may be conceded that ordinary procedure would be required in proceedings for alimony instituted subsequent to a final decree of divorce, the instant rule is one that is incidental to the proceeding instituted by ordinary process on April 22, 1957 in which proceeding this court fixed the amount of alimony at $30 per month. The instant proceeding, in our opinion, is incidental to litigation properly instituted by summary proceeding as prescribed by C.C. P. Arts. 2592(1), 2593.
The judgment appealed is reversed insofar as it denies an increase in the child support, and it is now ordered that there be judgment increasing the amount of child support previously set at $30 per month to the sum of $75 per month effective as of July 7, 1967. As so modified, the judgment is affirmed at appellee’s cost.