243 So.2d 318 (1971)
Arthur R. ADAMS, Sr.
v.
Mrs. Nina Baudier ADAMS.
No. 4216.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1971.
Rehearing Denied February 8, 1971.
Writ Refused March 24, 1971.
*319 T. M. McBride, III, McBride & Tonry, Chalmette, for Arthur R. Adams, Sr., plaintiff-appellee.
Adelaide Baudier, New Orleans, for Mrs. Nina Baudier Adams, defendant-appellant.
Before CHASEZ, LEMMON and GULOTTA, JJ.
CHASEZ, Judge.
This is a suit for alimony alleged to be due and unpaid by the appellee to appellant.
On February 13, 1967 Mr. Arthur R. Adams, Sr., appellee, filed suit for separation from bed and board on grounds of mental cruelty. On February 17, 1967 Mrs. Nina Baudier Adams, appellant, answered the petition and in reconvention asked in her own name for a separation on the same grounds and prayed for alimony pendente lite in an amount to be fixed by the court. On March 10, 1967 there was a judgment on an alimony rule in favor of Mrs. Adams in which Mr. Adams was condemned to pay alimony pendente lite at the rate of $285.00 per month, which was paid by Mr. Adams.
A judgment of separation from bed and board was rendered in favor of Mr. Adams on October 17, 1967. This judgment was completely silent with regard to alimony.
A new rule to show cause why Mr. Adams should not pay alimony was heard on August 1, 1968. Judgment was rendered in favor of Mrs. Adams for alimony pendente lite in the amount of $300.00 per month. Mr. Adams began to make the payments under this new rule.
The present suit was brought to collect alimony pendente lite allegedly due from the time the separation judgment was rendered on October 17, 1967 until the new judgment for alimony pendente lite was granted on August 1, 1968. In other words, plaintiff sought to have the judgment of March 10, 1967 made executory for the period beginning October 17, 1967 and ending August 1, 1968. She also sought to have the defendant placed in contempt.
Defendant husband filed an exception of no cause of action. Without written reasons *320 the trial court maintained the exception and dismissed plaintiff's suit. She appealed.
The defense is founded on a line of cases which hold that when there has been a suit for separation from bed and board followed by an alimony rule in which the wife is awarded alimony pendente lite and then, on the merits of the separation suit the amount of alimony is changed and either party appeals, the wife cannot collect alimony under the original judgment on the alimony rule because that judgment has been superceded by the hearing on the merits. Walker v. Walker, 246 La. 407, 165 So.2d 5 (1964); Schneider v. Schneider, 240 La. 93, 121 So.2d 498 (1960); White v. Morris, 236 La. 767, 109 So.2d 87 (1959); Starns v. Starns, 174 La. 743, 141 So. 447 (1932). Defendant's argument is that since the judgment on the merits of the separation suit was silent as to alimony that this judgment superceded the judgment on the alimony rule and defendant was not obligated to continue to pay alimony pendente lite. We disagree.
Had this been a final judgment of divorce and was silent with regard to alimony, then alimony would stop because the husband's obligation to support his wife would no longer exist. This is well settled, Starkey v. Starkey, La.App., 209 So.2d 593 (1st Cir. 1967). However, this is not the case when there is a judgment of separation from bed and board. Under the provisions of article 148 of the Civil Code, as interpreted by the courts, the wife is entitled to alimony for her support from the time of the institution of a suit for separation from bed and board until a judgment of final divorce has been rendered to the parties, regardless of the question of fault. Boucvalt v. Boucvalt, 235 La. 421, 104 So.2d 157 (1958); Stevens v. Stevens, La.App., 206 So.2d 558 (1st Cir. 1968). The right of the wife to receive alimony during the pendency of a suit for divorce or separation from bed and board is merely the obligation of the husband to support his wife because although a judgment of separation from bed and board terminates the spouse's conjugal cohabitation and their community of acquets and gains, it does not dissolve the marriage itself, nor extinguish the obligation of fidelity and the duty of support and assistance provided in Articles 119 and 120 of the Civil Code. Boucvalt v. Boucvalt, supra; Arnold v. Arnold, 186 La. 323, 172 So. 172 (1937); Hillard v. Hillard, 225 La. 507, 73 So.2d 442 (1954); Stevens v. Stevens, supra, LSA-C.C. Article 136.
The facts at bar seem more closely aligned with the facts in Donnels v. Bouillion, 165 La. 145, 115 So. 439 (1928). In that case the defense was "since the judgment rendered on the merits was silent as to alimony, and since the order fixing alimony pendente lite ceased to be effective when the judgment rendered on the merits was signed, no alimony was due, except from the date of the order fixing the alimony pendente lite up to the signature of the judgment rendered on the merits * * *."
The Court rejected this argument, however, and stated at page 440 of the opinion:
"In our opinion the order for alimony pendente lite did not cease to continue in force after the signing of the judgment on the merits. The purpose of that alimony is to provide for the sustenance of the wife pending the litigation. No appeal has been taken from the order granting it. * * * There is nothing in the judgment, rendered on the merits, setting aside the order granting that alimony, nor has the order been vacated or even modified by any other decree."
This Court's opinion is that since the wife was entitled to alimony under the rule of March 10, 1967, it was not necessary for the judgment on the merits to go into the question of alimony unless there was some change to be made in the amount. Since there was no change made, the alimony *321 at the rate of $285.00 continued to accrue until the rule of August 1, 1968 changed the amount to $300.00 per month. Insofar as past due installments are concerned, the judgment becomes the property of the wife; Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962); Williams v. Williams, 211 La. 939, 31 So.2d 170 (1947).
In Vinet v. Vinet, La.App., 184 So.2d 33 (4th Cir. 1966) the Court said:
"Under LSA-C.C.P. Art. 3945 and the jurisprudence subsequent to the effective date of that article, as well as under the prior pertinent codal articles and jurisprudence, it is and has been our settled law that the right to obtain an executory judgment for past due alimony is a property right belonging to the person from whom the alimony has been withheld and the court must award such a judgment when properly applied for. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226; Williams v. Williams, 211 La. 939, 31 So.2d 170."
We conclude that Mrs. Adams is entitled to any alimony that may have accrued to her. However, since the rule for back alimony was dismissed on an exception of no cause of action there was no opportunity to prove the amount of alimony due to her. We will therefore reverse the ruling of the lower court and remand the case for the purpose of establishing the exact amount of alimony due to Mrs. Adams. We further conclude that at this point Mr. Adams should not be held in contempt.
For the foregoing reasons the judgment in favor of defendant, Arthur R. Adams, Sr., sustaining the exception of no cause of action, dismissing the suit of plaintiff, Mrs. Nina Baudier Adams, is reversed and the case is remanded for further proceedings not inconsistent with the holding of this Court. Costs are stayed until a final determination of the matter is reached.
Reversed and remanded.