282 So.2d 869 (1973)
Irving M. CHAUVIN, Plaintiff and Appellant,
v.
Catherine Tullah CHAUVIN, Defendant and Appellee.
No. 4288.
Court of Appeal of Louisiana, Third Circuit.
September 18, 1973.
*870 Harold L. Savoie, Lafayette, for plaintiff and appellant.
Ashton J. Landry, Lafayette, for defendant and appellee.
Before FRUGE, SAVOY and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Plaintiff herein filed a suit for separation from bed and board from his wife, the defendant, alleging that she had abandoned him. The defendant answered the suit denying the abandonment and reconvened against plaintiff for a separation from bed and board on the grounds of cruel treatment and for alimony pendente lite in the amount of $400.00 per month. Trial was had on the merits following which the District Judge rendered judgment in favor of plaintiff and against defendant granting the former a judicial separation from his wife, and in favor of defendant and against plaintiff, on the reconventional demand, granting defendant alimony in the amount of $200.00 per month. The plaintiff appealed that judgment to this court and asks that we overturn that portion of the judgment which grants defendant alimony and in the alternative that we reduce the amount of the alimony granted. Defendant neither appealed nor answered the appeal of plaintiff and we therefore do not concern ourselves with the judgment of separation, but rather we limit our inquiry into a propriety of the alimony award contained in the judgment. LSA-C.C.P. Art. 2133.
Our law is well settled to the effect that a wife who has insufficient income for her own support is entitled to alimony pendente lite, regardless of which spouse *871 was at fault in causing the separation, and that such alimony is due the wife from the time of the separation until a final judgment of divorce be rendered. La.Civil Code Articles 119, 120, 148; Boucvalt v. Boucvalt, 235 La. 421, 104 So.2d 157; Thevis v. Thevis, La.App., 254 So.2d 480; Adams v. Adams, La.App., 243 So.2d 318; writ refused 258 La. 212, 245 So.2d 410. The evidence put forth by the defendant in the instant case regarding her needs was uncontradicted, and it therefore established her right to alimony pendente lite.
As aforesaid, plaintiff-appellant asks in the alternative that we reduce the amount of alimony awarded. We are not inclined to do so in view of the large discretion allowed a District Judge in setting the amount of alimony pendente lite. Stansbury v. Stansbury, La.App., 258 So.2d 170; Gardes v. Gardes, La.App., 249 So.2d 221; McMath v. Masters, La.App., 198 So.2d 734. The uncontradicted evidence in this regard shows that the defendant wife and her minor daughter have a combined need of the sum of $321.00 per month, as shown by defendant's sworn affidavit itemizing her monthly expenses, and her testimony to the effect that these expenses include those of maintaining her daughter. The defendant's daughter was hers by a previous marriage and was unrelated to plaintiff. It was also shown that the plaintiff's income, derived from social security and veteran's benefits, is in the neighborhood of $600.00 per month. Under those circumstances we cannot say that there was an abuse of the trial court's discretion in granting defendant the sum of $200.00 as alimony pendente lite, since it was reasonable to conclude that $121.00 per month would be spent in supporting the child, to whom plaintiff owed no obligation.
For the above and foregoing reasons the judgment of the District Court is affirmed at costs in both courts of plaintiff-appellant.
Affirmed.