MARVIN, Judge.
A money judgment was rendered below in favor of the mother and against the father, for expenses relating to the birth of the child of the marriage. Birth occurred about five months before legal separation was awarded the mother. The father appeals.
The mother’s suit for separation, filed after the birth of the child, included the demand that the father be ordered to pay expenses of some $800 connected with the birth. Judgment was rendered in the separation suit on October 15, 1975, but made no mention of this demand.
On October 16, 1975, the mother petitioned for a rule to show cause, alleging by reiteration her original demand that the father be held for the expenses relating to the birth, and alleging that by stipulation between counsel, it was “agreed” that the matter of the expenses of childbirth would be taken up by rule at a later date.
On October 30, when the rule was heard, the father, through his attorney, filed a peremptory exception of no cause or no right of action (La.C.C.P. Art. 927) and the dilatory exception of unauthorized use of summary proceedings (La.C.C.P. Art. 926(3)). The record reflects that on October 30, 1975, the exception of no cause or right of action was filed, argued and overruled, and that there was judgment in favor of the plaintiff-in-rule, signed and filed, for the amount prayed for.
The father contends that since the expenses of childbirth were paid not by the mother of the child of the marriage, but by the maternal grandmother of the child, the mother is without cause or right of action against the father. The transcript vaguely indicates that the lower court considered the dilatory exception against proceeding summarily by rule, but the record and abstract of minute entries below do not show that the dilatory exception was ruled on or otherwise disposed of by the lower court.
At the conclusion of the hearing the lower court stated:
“I don’t think there is any distinction between the expenses for supporting the child as ordered by this court some time ago in this case, and the expenses which were prayed for before the judgment was rendered. Why it was not taken up, I don’t know, but the court is going to render judgment for the expenses in connection with the birth at this time on this rule, in the amount prayed for. I believe that’s what the established amount was. Mr. Sheriff you may adjourn court.”
By Act 130 of 1974 summary proceedings were authorized for “. . . [t]he original granting of, subsequent change in, or termination of, alimony, child support . . . ” Art. 2592(8), La. C.C.P.
Once a judgment has been signed granting a separation or divorce, and the judgment is silent as to medical expenses arising before the suit for separation was filed, the wife’s later attempt to enforce the husband’s obligation for such medical expenses is not an incidental issue arising in *525 the course of litigation under Article 2592 (1), La.C.C.P. It is not, insofar as to medical expenses arising 'before the suit for separation, a “subsequent change in” child support or alimony unless the plea therefor is coupled with and interrelated with future alimony or child support. La.C.C.P. Art. 2592(8). Summary proceedings under such circumstances are subject to the dilatory exception under La.C.C.P. Art. 926(3). The objection to summary proceeding may be waived as in Nelson v. McCarter, 212 So.2d 467 (La.App. 2d Cir. 1968), or the use of summary proceedings may be consented to by stipulation. This record contains nothing more than the mere allegation that such a stipulation was made. In the absence of proof of such a stipulation, summary proceedings were unauthorized here.
The trial court analogized the childbirth expenses to the expenses of supporting the child and particularly emphasized that the expenses of childbirth were .prayed for in the original petition. There may have been other factors known to the trial court which would support his statement quoted supra to this effect. The record before us is barren in this respect.[1] On the basis of the record before us the peremptory exception of no cause and no right of action should have been sustained. Plaintiff will be given the opportunity afforded by La.C.C.P. Articles 933 and 934.
The judgment below is reversed and the case is remanded for further proceedings consistent with this opinion, with plaintiff being allowed 30 days from the date this opinion becomes final to correct, amend or supplement her pleadings to remove procedural deficiencies.
Costs of this appeal are assessed against appellee. Costs below shall be assessed upon final disposition there.
Reversed and Remanded.

. The original petition, the support judgment and the judgment of separation are not contained in this appellate record. After dissolution, the wife’s claims against the former community are relegated to the action of partition. See Daigre v. Daigre, 230 La. 472, 89 So.2d 41 (1966).