STOULIG, Judge.
Appellant, Carl F. Delaney, has appealed a judgment awarding Pat Delaney, his judicially separated wife, $700 per month alimony and child support. He contends the judgment is a nullity because it issued from a summary proceeding at a time when C.C.P. art. 2592 did not authorize its use for that purpose.
Plaintiff, Pat Delaney, filed suit for separation on May 11, 1972 and was awarded $300 per month alimony pendente lite and child support by a judgment on a rule rendered June 23, 1972. On September 28, 1972, Mrs. Delaney was awarded a separation from bed and board in a default judgment; however, the decree was silent as to alimony or child support. On August 16, 1973, Mrs. Delaney, still not divorced, filed a rule to fix alimony and increase child support. Defendant’s objection to the use of summary proceedings was overruled, the matter was tried and the judgment from which this appeal is lodged was rendered.
The premise upon which appellant builds his argument is that this rule to fix alimony is an original action, not an incidental demand. Appellant claims the pendente lite alimony, fixed by rule in limine, terminated with the judgment of separation that was silent as to alimony, thus the effort to reestablish it must be considered an original action. Thevis v. Thevis, 254 So.2d 480 (La.App.3d Cir. 1971), cited by appellant, does hold that alimony pendente lite terminates with a judgment of separation unless it is reaffirmed in that decree. This circuit disagrees. Adams v. Adams, 243 So.2d 318 (La.App. 4th Cir. 1971), writs refused, 258 La. 212, 245 So.2d 410.
In Adams, the judgment of separation was silent as to alimony pendente lite that had been previously established by rule. Approximately ten months after the judgment of separation, Mrs. Adams brought a new rule to fix alimony pendente lite and thereafter her husband began making payments under the new rule. Then she filed a rule to make the first judgment executory for the period between the judgment of separation and the time she brought the new rule. In allowing her to recover we rejected the same contention appellant makes here for this reason:
“Had this been a final judgment of divorce and was silent with regard to alimony, then alimony would stop because the husband’s obligation to support his wife would no longer exist. This is well settled, Starkey v. Starkey, La.App., 209 So.2d 593 (1st Cir. 1967). However, this is not the case when there is a judgment of separation from bed and board. Under the provisions of article 148 of the Civil Code, as interpreted by the courts, the wife is entitled to alimony for her support from the time of the institution of a suit for separation from bed and board until a judgment of final divorce has been rendered to the parties, regardless of the question of fault. Boucvalt v. Boucvalt, 235 La. 421, 104 So.2d 157 (1958); Stevens v. Stevens, La.App., 206 So.2d 558 (1st Cir. 1968). The right of the wife to receive alimony during the pendency of a suit for divorce or separation from bed and board is merely the obligation of the husband to support his wife because although a judgment of separation from bed and board terminates the spouse’s conjugal cohabitation and their community of acquets and gains, it does not dissolve the marriage itself, nor extinguish the obligation of fidelity and *947 the duty of support and assistance provided in Articles 119 and 120 of the Civil Code. Boucvalt v. Boucvalt, supra; Arnold v. Arnold, 186 La. 323, 172 So. 172 (1937); Hillard v. Hillard, 225 La. 507, 73 So.2d 442 (1954); Stevens v. Stevens, supra, LSA-C.C. Article 136.” 243 So.2d at 320.
We reaffirm the Adams rationale which buttresses the conclusion that the rule brought by appellee herein was incidental to the original suit for separation and properly the subject of a summary proceeding under C.C.P. art. 2592(1). It provides:
“Summary proceedings may be used for the trial or disposition of the following matters only:
(1) An incidental question arising in the course of litigation * * *.”
In reaching this result we are aware this procedural article was amended in 1974, subsequent to the time this rule was tried, to include, inter alia, Paragraph 8 as follows:
“The original granting of, subsequent change in, or termination of, child custody, alimony, child support in behalf of minor children, and support between ascendants and descendants * * *
Interpreted in the light most favorable to the appellant, this might be construed to expand the use of summary process in the domestic relations area where it was unavailable before. But we cannot endorse this thinking. In our view this simply codifies ideas previously expressed in our jurisprudence wherein such actions could be brought summarily under C.C.P. art. 2592(1).
The original opinion in Nelson v. McCarter, 212 So.2d 467 (La.App. 2d Cir. 1968), held an action to change the amount of child support could be brought by rule under C.C.P. art. 2592(1). On rehearing this holding was watered down to dicta when the court reaffirmed this view, but based its result on the principle that appellee waived his right to object to use of summary process by proceeding to trial without objecting. The right to alter child support by rule is one of the incidental actions in a domestic relations case specifically confirmed by the 1974 amending paragraph 8.
That alimony and child support matters have been traditionally handled as adjuncts of a divorce or separation suit is exemplified by this language from Davis v. Davis, 238 La. 293, 115 So.2d 355, 356 (1959):
“ * * * From the fact, however, that the right to trial by jury obtains in cases involving a divorce, it does not necessarily follow that the same right exists with respect to the issues of custody of the children born of the marriage and alimony for their support. While these issues are incidental to and arise out of the main demand, they are nevertheless matters to be tried and determined by the judge without the intervention of a jury * * *. Moreover, the jurisprudence in this state is well settled that such judgments are never final, being subject to modification by the judge in summary proceedings instituted by either party * * *
Of course the issue in Davis — the right to trial by jury — is different than the one before us but the language demonstrates the traditional handling of alimony matters as incidental to the main suit for divorce or separation.
Therefore we hold that summary procedure in this case was proper under C.C.P. art. 2592(1).
For the reasons assigned, the judgment appealed from is affirmed, costs of this appeal to be paid by appellant.
AFFIRMED.