SARTAIN, Judge
(concurring in part, dissenting in part).
I fully agree with the majority’s decision [1] relative to the application of the “divisible divorce” doctrine. However, I do not agree with the extent to which this doctrine is applied in the instant matter. For convenience, I quote the following language from the majority opinion:
“We now turn to our own law relative to the rights and responsibilities of wives and husbands in Louisiana. The basics are: Each owes to the other the mutual obligation of support and assistance. C.C. Art. 119. If the wife does not have sufficient income for her maintenance, the husband is obliged to support her in proportion to her needs and his means. C.C. Art. 148. This obligation continues throughout the existence of the marriage, even though the wife has been deemed guilty of fault. Hillard v. Hillard, 225 La. 507, 73 So.2d 442; and Boucvalt v. Bouevalt, 235 La. 421, 104 So.2d 157. Following the judgment of divorce a wife who is without fault is entitled to alimony. C.C. Art. 160.”
While the above is a correct statement of our law, I think it should go one step further. In Louisiana, unlike many common law jurisdictions, a wife is entitled to alimony following a divorce. C.C. Art. 160. However, this right is conditioned upon a finding of fact of an absence of fault on the part of the wife. If fault has been determined in the proceedings decreeing a prior obtained judicial separation (as here) it is not necessary for the fault issue to be retried. Fulmer v. Fulmer, 301 So.2d 622 (La.1974).
The majority has concluded that the alimony pendente lite rendered during the judgment of separation (albeit on the wife’s fault) continues in effect until such time as the husband files a suit in this state to terminate his obligation under C.C. Art. 148.
It is a policy decision for the courts of this state to determine the effects to be given an ex parte foreign divorce judgment. The majority would have the husband either in response to a rule to accumulate arrearages or in a separate proceeding go to the expenses of returning to the state to seek relief from ‘a judgment where he *1236 would not have to do so had the judgment of divorce been obtained in Louisiana.
Prom a pure policy standpoint I see no practical reason to inflict this requirement upon the husband or to require the wife to seek legal advice as to her rights when placed in a position of having to make a choice of defending her husband’s action or permitting it to go by default. Under the facts of this case any effort on her part to continue receiving alimony would have been vain and useless. Fulmer v. Fulmer, above. The dockets of our courts are already crowded and should not be further cluttered where the result is evident.
On the other hand, a husband who obtains a foreign ex parte divorce following a judgment of separation where fault has not been determined continues at his peril. Under the divisible divorce doctrine the judgment of alimony in the separation proceedings would continue until such time as he seeks relief by putting fault at issue.
Accordingly, I would have given the wife in the instant cause the alimony due her on August 1,1975 and would not have awarded her alimony for any payment due after her husband received his judgment of divorce on August 5, 1975.

. Which in effect overrules this court’s decision in Starkey v. Starkey, 209 So.2d 593 (1967), if the same is construed to be a rejection of the holdings in the Kreiger, Estin and Vanderbilt cases. It also overrules this court’s previous decision in the Hill and Webster cases and puts us at odds with the decision of the Second Circuit in the Hampson case, (citations contained in the original opinion).