SARTAIN, Judge.
The issue presented on this appeal concerns the use of a summary proceeding to obtain personal property.
The facts are not in dispute and are summarized as follows: The parties were divorced on July 26, 1977. Mrs. Little’s divorce petition alleged the existence of community assets but asserted that their distribution had been agreed to between the parties. No evidence of such agreement was put into the record at that time. The. divorce judgment made no mention of a community property settlement.
On January 5, 1978, Mrs. Little, by way of motion to show cause, moved the court to award her child support and, additionally, asked that Mr. Little be ordered to return to her a set of china, claimed to be her separate property, which he allegedly took after the rendition of the divorce judgment.
Mr. Little timely objected to the use of the summary procedure to determine the ownership of the set of china. C.C.P. arts. 926(3), 2593. The trial court awarded her child support and overruled Mr. Little’s exception and entered judgment ordering the return of the china. Mr. Little does not object to that portion of the judgment relating to child support and limits his appeal only to the decree requiring him to return the china.
Summary proceedings may be used over timely objection only in those cases expressly authorized by law. C.C.P. art. 2592;[1] State Through Dept. of Highways v. *1196 Lamar Advertising Co. of La., Inc., 279 So.2d 671 (La.1973); Gary v. Brenholz, 120 La. 1028, 46 So. 12 (1908).
We have found no statutory authorization for use of a summary proceeding in the present case. The dispute over the china did not arise as an incidental question in the course of litigation (C.C.P. art. 2592(1)) as the divorce judgment was final before the matter developed. Scott v. Scott, 331 So.2d 523 (La.App. 2d Cir. 1976); Rayborn v. Rayborn, 246 So.2d 400 (La.App. 1st Cir. 1971). The trial court opined that summary procedure was proper since it was being used to compel compliance with the community property settlement. We note, however, that the divorce judgment makes no mention of property distribution and that there has been no court-approved property settlement. The first time property ownership and divisions were put at issue was in the rule to show cause. The present case cannot be analogized to the cases allowing the use of summary proceeding to settle questions related to writs of fieri facias, e. g., Moses v. American Security Bank of Ville Platte, 222 So.2d 899 (La.App. 3d Cir. 1969).
A partition of community property may be asked for as incidental relief in a suit for divorce (C.C.P. Art. 82[2]), but it must be requested in the petition and handled in an ordinary proceeding. Thibodeaux v. Duos, 343 So.2d 441 (La.App. 3d Cir. 1977).
For the above reasons, the judgment of the lower court overruling appellant’s dilatory exception of unauthorized use of summary proceeding is reversed and set aside and judgment is rendered herein sustaining the same and striking from the judgment of the district court that portion thereof that orders Jackie E. Little to return the set of Noritake china to Glenda Breeland Little.
All costs of these proceedings are to be borne equally between the parties.
REVERSED IN PART AND RENDERED.

. Art. 2592. Use of summary proceedings Summary proceedings may be used for trial or disposition of the following matters only:
(1) An incidental question arising in the course of litigation.
(2) An application for a new trial.
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.
(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.
(6) A habeas corpus, mandamus, or quo war-ranto proceeding.
(7) The determination of the rank of mortgages, liens and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.
(8) The original granting of, subsequent change in, or termination of, child custody, *1196 alimony, child support in behalf of minor children, and support between ascendants and descendants; and
(9) All other matters in which the law permits summary proceedings to be used.

. Art. 82. Action to partition community property
Except as otherwise provided in the second paragraph of this article, an action to partition community property shall be brought either as an incident of the action which would result in a dissolution of the community, or as a separate action in the parish where the judgment dissolving the community was rendered.
If the community owns immovable property, the action to partition the community property, movable and immovable, may be brought in the parish where any of the immovable property is situated.