LABORDE, Judge.
Plaintiff, Linda Marie Carrón, appeals a trial court judgment ordering her to pay her husband, Johnny Johnson, Jr., alimony pendente lite in the amount of $75.00 per month. The only issue on appeal is whether the trial judge should have made the award. We affirm. We find no abuse of discretion by the trial judge in awarding defendant monthly alimony in the amount of $75.00.
After having been married for several years, plaintiff filed suit for separation on the grounds of cruel treatment. The suit for separation was filed July 15, 1980. A hearing on rule was held August 1, 1980, and a judgment on rule was signed August 25, 1980, awarding plaintiff custody of the three minor boys born of the marriage; defendant liberal visitation privileges; and further ordering defendant to turn over to the plaintiff monthly Social Security benefits due the children in the sum of $114.00 and similar benefits due plaintiff in the sum of $38.00. Both parties were enjoined from disposing of community property without the consent of the other.
A legal separation was never obtained by the parties. With new counsel, defendant, an invalid as a result of a work accident, filed an answer and reconventional demand on September 24, 1980, praying for alimony for himself and custody of his two older children. The rule was heard by the trial judge on October 31, 1980 — limited to the question of alimony. We quote from the trial judge’s reasons for judgment:
“THE COURT: From the testimony I have before me this is a case that I am sure no judge would like to try, but there is no question that the husband needs assistance and no question that his income is not sufficient for his needs. Also, there is no question that the expenses shown on the wife’s affidavit on file at the present time are not correct. 1 also have no doubt that if such a situation changes there may be need but at the present time also I envision the fact that what the husband needs is help, and he can get that in one of two ways, either by someone physically helping him or having additional income within which to do it, as well as to eat more properly than he has been doing. There’s not a lot of leeway that I can take either way and what I am going to do I feel reasonably certain is not going to alleviate the situation any. I think that the wife can pay the husband $75.00 per month, with which amount he can use to hire some assistance.
Judgment will be prepared and submitted to the court for signature.”
The record reflects that the undisputed monthly income of the parties is as follows:
1. Defendant
Social Security_$418.00
2. Plaintiff
Opelousas General Hospital Wages
(Gross earnings)_ 800.00
Social Security (wife)- 38.00
Social Security (3 boys)-114.00
$952.00
After deducting income tax, social security, hospitalization and credit union charges, plaintiff’s net monthly check from Opelou-sas General Hospital is $525.00. To that sum is added the social security benefits she and her three sons receive totaling $678.00 per month.
Plaintiff has outlined the monthly expenses incurred by the litigants which are not disputed by defendant in his brief. In our opinion the following expenses are supported by testimony in the record.
HUSBAND’S EXPENSES
1. Bent_$150.00
2. Utilities_100.00
3. Food_ 90.00
4. Doctor bills
a. Dr. Buller $1,000.00 -0-
b. Dr. Fredericks $50.00 -0-
c. Dr. Fontenot — per month _ 5.00
d. Dr. Aswell — per month _ 5.00
e. Ville Platte General Hospital (?)
$350.00
WIFE’S EXPENSES
(Wife and three boys)
1. Food. $250.00
2. Drugs_ 25.00
3. Mother (Utilities & Bent)_ 50.00
4. Dentist_ 30.00
5. Doctor_ 60.00
*1276 6. Clothing.. 100.00
7. Entertainment — children_ 60.00
8. Schiff Furniture. 38.99
9. Smith Furniture_ 44.68
10.Hospitalization; Income tax; Social Security; Credit Union bill (deducted from Opelousas General Hospital check) -0-
$758.67
Plaintiff contends she is not financially able to support or contribute to the support of her invalid husband. She contends that her husband’s care should be entrusted to the social agencies of our state. She further contends that defendant is not interested in money, but is only interested in reconciliation of the marriage. Plaintiff quotes defendant’s testimony in support of her argument when defendant testified that, “I’m not really here for no money. . . I’m not here to try to drain blood out of a turnip. I need help.”
Defendant’s claim for support and assistance arises under Article 119 of the Louisiana Civil Code. Defendant directs us to the case of Smith v. Smith, 382 So.2d 972 (La. App. 1st Cir. 1980), wherein the court interpreted Article 119 as follows:
“Article 119 of the Civil Code provides: “The husband and wife owe to each other mutually, fidelity, support and assistance.”
Although the word “support” therein is a mistranslation of the French “secours”, which means “help” or “aid”, we think that Article 119 evidences a legislative intent that, so long as a marriage persists, either spouse must come to the assistance of the other, if the other is in need thereof. Plaintiff herein is therefore obligated to render such assistance to his wife if she is in necessitous circumstances and unable to provide for herself.”
See also Hingle v. Hingle, 369 So.2d 271 (La.App. 4th Cir. 1979.)
We are not inclined to reduce or alter the award in view of the great discretion afforded the trial judge in setting alimony awards. Chauvin v. Chauvin, 282 So.2d 869 (La.App. 3rd Cir. 1973).
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.
FORET, J., dissents and assigns reasons.